38333. HINES v. THE STATE.

MARSHALL, Justice.

In this case, the Court of Appeals affirmed the appellant's conviction of armed robbery. We granted his application for certiorari. Presented for decision is a question concerning the scope of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Also presented is a question concerning the extent of the right of cross-examination guaranteed the defendant in a criminal case.

The only witness to identify the appellant as the perpetrator of the armed robbery was one Steve Henderson, who testified as follows: he was riding around with the appellant and others on the night of the armed robbery; the appellant stopped the car in a wooded area about 75 yards from a package store in order to use the bathroom; he was

gone a few minutes, and when he returned he stated that he had just robbed the store. The store's cashier was unable to identify the robber, because he was wearing "a reddish orange 'boggan thing pulled down over his face."

Through a Brady motion, the appellant specifically requested the prosecution to furnish the defense with the criminal records of any state's witnesses — particularly Henderson, as well as another witness who did not testify at trial. At a pretrial hearing, the trial judge denied the motion, stating that defense counsel would have the right to cross-examine the state's witnesses.

At the commencement of the trial, the prosecution orally presented a motion in limine, requesting that defense counsel be prevented from mentioning the fact that Henderson was being held in jail in an adjoining county because of his arrest on burglary charges in that county. In presenting this motion, the prosecuting attorney argued that the proper method of impeachment is through introduction of a certified copy of a conviction and not through introduction of evidence of arrest and pretrial incarceration. Defense counsel argued that he should be allowed to cross-examine Henderson on this subject, to find out if any deal had been made in return for his testimony and to find out if Henderson might tacitly assume that he would receive some benefit by giving testimony favorable to the state. The trial judge offered defense counsel an opportunity to examine the state's witness outside of the presence of the jury. Defense counsel responded: "No, sir, I'll take my chances on cross-examination." The trial judge then granted the state's motion in limine.

During closing argument, the prosecuting attorney stated to the jury that state's witness Henderson was "perhaps even putting his life in danger" by testifying at this trial. The defense's motion for a mistrial was denied, on the ground that in making this argument the prosecuting attorney was arguably drawing deductions from the evidence.

The Court of Appeals affirmed, holding: (1) Brady does not reach information unknown by the prosecution and not in its possession; (2) the limitation placed on the defense's cross-examination of the state's witness was within the discretion of the trial judge; and (3) the prosecuting attorney's closing argument was not improper.

1. We agree with the Court of Appeals' holding that Brady does not impose an affirmative obligation on the prosecution to seek out information for the defense, even if such information is more accessible to the prosecution than to the defense.

"In *Hicks v. State,* 232 Ga. 393, 394 (207 SE2d 30) (1974), this

court said: 'A part of the material sought by appellant clearly was evidence which was not in the prosecution's file. This evidence could have been obtained only if the prosecution actively sought it. For the trial court to require production by the state of this evidence would require the state to investigate the case for the defense. In our opinion, this goes beyond the constitutional limits of Brady (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) which proscribed the "suppression by the prosecution of evidence favorable to an accused." . . . The prosecution does not "suppress" evidence by refusing to conduct a search for it, even though the evidence may be more accessible to the state than to the defense.' " *Rini v. State,* 236 Ga. 715, 718 (225 SE2d 234) (1976), cert. den. 429 U. S. 924 (1976); accord, *Plemons v. State,* 155 Ga. App. 447, 450 (5B) (270 SE2d 836) (1980) and cit. In *Watts v. State,* 141 Ga. App. 127 (2) (232 SE2d 590) (1977), this holding was applied in affirming a denial by the trial court of a criminal defendant's motion for disclosure of possible prior convictions pertaining to state's witnesses, where such information was not known to the prosecution and was not in the prosecution's file.

It might well be worthwhile for the legislature to enact a statute giving the defendant in a criminal case the means to discover such information as the criminal record of state's witnesses. However, we are of the opinion that the holding of the United States Supreme Court in Brady does not extend so far as to require it.

2. As we read Davis v. Alaska, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974), and the cases cited therein, it appears to us that these decisions interpret the Confrontation Clause of the Sixth Amendment, as applicable to the states through the Due Process Clause of the Fourteenth Amendment, as guaranteeing the defendant in a criminal trial both the general right to cross-examine witnesses against him and the more specific right to cross-examine a key state's witness concerning pending criminal charges against the witness.

"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions in memory, but the cross-examiner has traditionally been allowed to impeach, *i.e.,* discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing, the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be

truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.' 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. Greene v. McElroy, 360 U. S. 474, 496 (1959)." (Footnote omitted.) Davis v. Alaska, 415 U. S. 308, supra, at pp. 316, 317.

" 'It is especially important in a case where a witness or an accomplice may have substantial reason to cooperate with the government that a defendant be permitted to search for an agreement between the government and the witness.' United States v. Crumley, 565 F2d 945, 949 (5th Cir. 1978). Whether or not such a deal existed is not crucial. United States v. Mayer, 556 F2d 245, 249 (5th Cir. 1977). What counts is whether the witness may be shading his testimony in an effort to please the prosecution. 'A desire to cooperate may be formed beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception.' Burr v. Sullivan, 618 F2d 583, 587 (9th Cir. 1980). See United States v. Onori, 535 F2d 938, 945 (5th Cir. 1976)." Greene v. Wainwright, 634 F2d 272, 276 (5th Cir. 1981).

"The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted [Cits.] . . . but . . . here . . . [t]he trial court cut off *in limine* all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination. This was an abuse of discretion and prejudicial error. [Cits.]" Alford v. United States, 282 U. S. 687, 694 (51 SC 218, 75 LE 624) (1931).

3. Although we agree with the trial court and Court of Appeals that the prosecuting attorney's argument was not improper under the evidence in this case, we do note that such an argument comes close to being improper.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who dissents from Division 2 and the judgment, Hill, P. J., and Clarke, J., who dissent from Division 1, but concur in Divisions 2, 3 and the judgment, and Smith, J., who dissents from Divisions 1 and 3,*

*but concurs in Division 2 and the judgment.*

DECIDED APRIL 7, 1982.

*L. Branch, S. Connelly,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.