## S92A0903. BYRD v. THE STATE.
### (420. SE2d 748)

BENHAM, Justice.

Appellant was convicted of the armed robbery and murder of Orlando Dotson.[1] Through the testimony of two co-indictees and the eyewitness testimony of a 14-year-old girl and her mother, the State presented evidence that appellant and the two co-indictees entered the apartment in which the unarmed victim was seated in a reclining chair, and that appellant, after pointing a gun at the victim and demanding personal property from him, pressed the gun against the victim and fired, inflicting a fatal wound that passed through the victim, piercing his lungs, stomach, spleen, and aorta.[2] Appellant and a co-indictee then rifled the victim's pockets, taking personal property.

1. During the trial court's preliminary instructions to the sworn jury, the victim's uncle approached appellant, made a threatening gesture with a crutch, and shouted obscenity-laced threats at appellant. Deputies immediately removed the uncle from the courtroom, and the trial court ordered a 25-minute recess, after which it instructed the jury to disregard the emotional outburst and not to infer guilt because of the outburst. The trial court then voir dired the members of the jury individually to determine whether they could disregard the outburst and try the case on the facts presented in court. The one juror who expressed doubts about his ability to do so was discharged and replaced with the alternate juror. Appellant's motion for mistrial was denied.

> Measures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial. Where the trial court fails to act to stop a disturbance, or fails to instruct the jury to disregard

---

[1] The homicide occurred on April 13, 1989. Appellant was indicted on July 18, 1989, and stood trial March 27-29, 1990. His motion for new trial, filed April 27 and amended September 20, was denied February 26, 1992. The notice of appeal was filed March 6, the case was docketed in this court on April 8, and oral argument was heard on June 29, 1992.

[2] The weapon used was a .9 mm handgun.

it, and the demonstration will prevent the defendant from receiving a fair trial, the court must grant a new trial. [Cits.] [*Messer v. State*, 247 Ga. 316, 324 (6) (276 SE2d 15) (1981).]

In light of the prompt, thorough, and curative action taken by the trial court, we cannot say that the outburst denied appellant a fair and impartial trial. *White v. State*, 255 Ga. 210 (9) (336 SE2d 777) (1985). The trial court did not abuse its discretion by denying appellant's motion for mistrial. *Sheppard v. State*, 235 Ga. 89 (2) (218 SE2d 830) (1975). The cases cited by appellant, *Patton v. State*, 117 Ga. 230 (43 SE 533) (1902) (where the appellant failed to ask for a mistrial), and *Woolfolk v. State*, 81 Ga. 551 (8 SE 724) (1888) (where the trial court did not take sufficient curative action), are not applicable here.

2. During the cross-examination of the adult eyewitness, appellant's trial counsel was not permitted to use a certified copy of a pending indictment against the witness to expose a possible interest or motive she might have in testifying for the State against appellant. The trial court ruled that counsel's attempt was speculative after the assistant district attorney informed the trial court that he did not know of any arrangement between the witness and anyone in the district attorney's office.

The Confrontation Clause of the Sixth Amendment guarantees the defendant in a criminal trial the general right to cross-examine witnesses against him as well as the specific right to cross-examine a key state's witness concerning pending criminal charges against the witness. *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982). See also *Harrison v. State*, 259 Ga. 486 (3) (384 SE2d 643) (1989); *Owens v. State*, 251 Ga. 313 (1) (305 SE2d 102) (1983).

" 'It is especially important in a case where a witness or an accomplice may have substantial reason to cooperate with the government that a defendant be permitted to search for an agreement between the government and the witness.' [Cit.] Whether or not such a deal existed is not crucial. [Cit.] What counts is whether the witness may be shading [her] testimony in an effort to please the prosecution. 'A desire to cooperate may be formed beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception.' [Cits.]" [Cit.] [*Hines v. State*, supra at 260.]

While the extent of cross-examination is within the sound discretion of the trial court, cutting off all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination was

an abuse of discretion. Id. However, that error was harmless beyond a reasonable doubt since the strength of the case presented by the State was overwhelming, and the witness' testimony was largely corroborative of that of her daughter, the other eyewitness, and that of the two co-indictees. *Delaware v. Van Arsdall*, 475 U. S. 673, 684 (106 SC 1431, 89 LE2d 674) (1986). See *Kinsman v. State*, 259 Ga. 89 (7b) (376 SE2d 845) (1989).

3. When the deliberating jury sent a note inquiring about the consequences of a non-unanimous verdict, the trial court responded

> The decision *must be* unanimous. If there is not a unanimous verdict, the court will be forced to declare a mistrial and try the case again.

It was not error for the trial court to inform the jury that, should there not be unanimity on a verdict, the court would be required to declare a mistrial and retry the case. *Hardy v. State*, 242 Ga. 702 (4f) (251 SE2d 289) (1978).[3]

4. Appellant asserts that the trial court penalized him for maintaining his innocence and invoking his constitutional right to a jury trial by giving him the maximum sentences permitted by law. A review of the transcript of the sentencing hearing reveals that the trial court based its sentence on appellant's lack of remorse, his moral character, the facts of the crimes, and the need to protect society from appellant. The trial court did not err by factoring these considerations into the imposition of the sentence. *Fair v. State*, 245 Ga. 868 (4) (268 SE2d 316) (1980).

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Fletcher, JJ., and Judge Gary B. Andrews concur. Sears-Collins, J., disqualified.*

DECIDED SEPTEMBER 11; 1992 —
RECONSIDERATION DENIED OCTOBER 1, 1992.

*Megan C. DeVorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Kenneth D. Feldman, Assistant District Attorneys, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.

---

[3] Appellant's reliance on *Domingo v. State*, 211 Ga. 691, 696 (2) (88 SE2d 1) (1955) is misplaced, as that case involved a jury instruction in which the trial court "unduly intimated that one or more members of the jury should surrender his or their conviction rather than to cause a mistrial. . . ." That is not the situation in the case at bar.