## S96A1484. GARCIA v. THE STATE.
(477 SE2d 112)

CARLEY, Justice.

A jury found Rudolfo Garcia guilty of malice murder, armed robbery, and possession of a firearm during the commission of a felony. The trial court denied Garcia's motion for new trial and he appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Garcia and his co-defendant were arrested shortly after the murder. They both were using cocaine which belonged to the murder victim. The co-defendant was in possession of a gun that proved to be the murder weapon. The co-defendant eventually led officers to the victim's bullet-riddled body which had been dumped in a rural area. Garcia made an in-custody statement wherein he admitted planning to rob the victim, being present at the murder and assisting in dumping the victim's body. However, Garcia's statement implicated his co-defendant as the actual gunman. The evidence, when construed most strongly against Garcia, is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that he was a party to the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During direct examination of the victim's wife, the State tendered a photograph of the living victim. The trial court admitted this photograph into evidence over Garcia's objection that it was "inflammatory." Garcia urges that his objection was meritorious. However, a photograph of a murder victim while in life generally is admissible and Garcia did not object that identification of the instant photograph was made by the victim's wife rather than by a non-related witness. Under these circumstances, there was no error. *Ledford v. State*, 264 Ga. 60, 66 (14) (439 SE2d 917) (1994).

---

[1] The crimes were committed on January 14, 1995. Garcia was indicted on March 7, 1995 and the jury returned its guilty verdicts on August 10, 1995. On August 25, 1995, the trial court entered judgments of conviction and, on that same day, the trial court imposed concurrent life sentences for the murder and armed robbery and a consecutive five-year sentence for the possession of a firearm offense. Garcia filed his motion for new trial on September 5, 1995 and the trial court denied that motion on May 21, 1996. Garcia filed his notice of appeal on May 23, 1996. The case was docketed in this Court on June 12, 1996 and Garcia submitted his appeal for decision on August 5, 1996.

3. The State proffered photographs of the undisturbed crime scene depicting the condition and location of the victim's body. The trial court properly admitted these photographs, over Garcia's objection that this evidence was "irrelevant and unnecessarily prejudicial." *Drane v. State*, 265 Ga. 255, 260 (10) (455 SE2d 27) (1995).

4. Garcia urges that, because his in-custody statement was exculpatory of his guilt for the murder, it was error for the trial court to admit the statement without deleting the references to his bad character. See *Felder v. State*, 266 Ga. 574, 575 (2) (468 SE2d 769) (1996). Compare *Walker v. State*, 264 Ga. 79, 80 (3) (440 SE2d 637) (1994). Although Garcia's statement is exculpatory insofar as he denied being the actual gunman, it was inculpatory of his guilt as a party to the crimes. Under those circumstances, the entirety of Garcia's statement was admissible. *Ingram v. State*, 253 Ga. 622, 637 (18) (a) (323 SE2d 801) (1984).

Moreover, even assuming that Garcia's statement was exculpatory of his guilt for the murder, the record shows that, after the tape was played, the trial court instructed the jury to disregard most of Garcia's references to his own bad character. Compare *Felder v. State*, supra at 575 (2). Garcia urges that this curative instruction was inadequate because it did not encompass all of the references to his bad character, such as the references to his drug addiction and racist beliefs. However, the victim was a black drug dealer from whom cocaine was taken, whereas Garcia and his co-defendant are white and are admitted cocaine users. Any references in Garcia's statement regarding what transpired shortly before, during, or shortly after the murder would be admissible as res gestae evidence. *Johnson v. State*, 264 Ga. 456, 457 (1) (448 SE2d 177) (1994). It appears that the character references in the statement which the trial court did allow the jury to consider, including Garcia's references to his involvement with drugs and racial enmity, were relevant to the case as res gestae evidence. *Johnson v. State*, supra at 457 (1). Compare *Felder v. State*, supra at 575 (2). It follows that this enumeration is without merit.

5. Garcia urges that his in-custody statement was inadmissible because he gave it while under the influence of cocaine. However, the trial court held a *Jackson-Denno* hearing and the evidence adduced at that hearing authorized the finding that Garcia freely and voluntarily gave the statement. *Nelms v. State*, 255 Ga. 473, 474 (1) (340 SE2d 1) (1986).

6. Over a relevancy objection, the trial court admitted into evidence a photograph taken of Garcia at the time of his arrest. Although Garcia urges that the trial court should have sustained his objection, all of the circumstances connected with an arrest are admissible into evidence. *Cargill v. State*, 255 Ga. 616, 640 (25) (340 SE2d 891) (1986). Accordingly, the trial court properly admitted the

photograph depicting Garcia's appearance at the time of his arrest. *Cooper v. State*, 229 Ga. 277, 278 (3) (191 SE2d 27) (1972). See also *O'Toole v. State*, 258 Ga. 614, 615 (2) (373 SE2d 12) (1988).

7. Although, in his statement, Garcia denied knowing the murder victim, the State produced a witness who testified that the murder victim sold cocaine to Garcia on several occasions. On cross-examination, this witness admitted his own recent arrest for cocaine possession, but the trial court sustained the State's objection to pursuit of this line of questioning. Under the Sixth Amendment, however, the defendant in a criminal case has "both the general right to cross-examine witnesses against him and the more specific right to cross-examine a key [S]tate's witness concerning pending criminal charges against the witness." *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). Although the extent of cross-examination is within the sound discretion of the trial court, "cutting off all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination was an abuse of discretion. [Cit.]" *Byrd v. State*, 262 Ga. 426, 427-428 (2) (420 SE2d 748) (1992). Accordingly, the trial court erred in refusing to allow Garcia to pursue the topic of the witness' recent arrest. Compare *Wright v. State*, 266 Ga. 887, 888 (2) (471 SE2d 883) (1996) (no prosecution pending against the witness).

It does not necessarily follow, however, that the error mandates a reversal of Garcia's convictions. Garcia presented no evidence in his defense and, under the State's evidence, he clearly was a party to the crimes, if not the actual gunman. Considering the overwhelming evidence, the issue of whether Garcia did or did not have previous dealings with the victim would appear to be of little or no import to his guilt. Moreover, the State's witness otherwise was subjected to a thorough and sifting cross-examination which cast considerable doubt upon his credibility. Considering the extent to which the State's witness already was shown to be impeachable, questioning him further with regard to the specifics of his recent arrest would not appear to have much, if any, additional impact on his credibility. Under these circumstances, we find the trial court's erroneous curtailment of Garcia's cross-examination of the State's witness was harmless. See *Byrd v. State*, supra at 428 (2).

8. Garcia objected that the State's closing argument contained impermissible references to race and satanism. A review of the record shows, however, that the references were based upon the evidence and reasonable inferences therefrom. Although "counsel may not state 'prejudicial facts which are not in evidence . . ., it is permissible for counsel to draw deductions from the evidence regardless of how illogical and unreasonable. . . .' [Cit.]" *Alexander v. State*, 263 Ga. 474, 475 (2) (a) (435 SE2d 187) (1993). Accordingly, Garcia's counsel, during his closing argument, was entitled to respond to the

references to race and satanism. However, the trial court did not err in failing to rebuke the prosecuting attorney. *Alexander v. State,* supra at 475 (2) (a).

9. The trial court properly refused to give Garcia's requested charges on accessories after the fact and the crime of hindering the apprehension or punishment of a criminal. *Hill v. State,* 221 Ga. 65, 67 (6) (142 SE2d 909) (1965); *Pressley v. State,* 207 Ga. 274, 279 (5) (61 SE2d 113) (1950); *Kirby v. State,* 174 Ga. App. 58, 60 (3) (329 SE2d 228) (1985).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*Peter D. Johnson,* for appellant.

*Daniel J. Craig, District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.