A99A0806. NEALY v. THE STATE.
A99A0807. MAHMOUD v. THE STATE.
A99A0808. GRANT v. THE STATE.
(522 SE2d 34)

ANDREWS, Presiding Judge.

Mike Nealy, Abdul Jalal Mahmoud, and Shawn Grant were jointly indicted for two counts of armed robbery and jointly tried before a jury. All three defendants were found guilty on both counts and filed separate appeals, which have been consolidated for review.

All three defendants were charged in a single indictment with the same two counts of armed robbery. Count 1 charged that, by intimidation and the use of a handgun, the defendants stole two gold chains, a watch, and $290 from Levelle Hagins. Count 2 charged that, by intimidation and the use of a handgun, the defendants stole an undetermined amount of money from Tony Matthews.

In support of the allegations in the indictment, the State presented evidence that Hagins and Matthews were robbed at gunpoint by Nealy, Mahmoud, and Grant. Hagins testified that, as he and Matthews were walking together, Grant approached, pointed a

handgun at them, and detained them at gunpoint while $290, gold chains, and a watch were stolen from Hagins and a sum of money was stolen from Matthews. Hagins further testified that, while Grant held a gun, Mahmoud took the money from him and Matthews, and that Nealy stood a short distance away acting as a lookout and shouted to Grant and Mahmoud, "They just got paid. And make sure you get all they [sic] money." Matthews also testified that Grant held a handgun as he and Hagins were robbed, that Mahmoud and Nealy participated, and that all three defendants ran off together after the robbery. Both victims positively identified all three defendants as the robbers in pretrial lineups. As similar transaction evidence, the State also presented testimony that Nealy and Mahmoud had committed similar armed robberies. None of the defendants testified at the trial.

### Case No. A99A0806

1. Nealy claims the trial court erred in admitting evidence of his participation in three prior armed robberies as similar transaction evidence because of lack of sufficient similarity to the armed robbery at issue. Because no objection was made at the time the similar transaction evidence was admitted at trial, this claim of error was waived. *Hunter v. State*, 202 Ga. App. 195, 196-197 (413 SE2d 526) (1991). In any event, the three prior armed robberies were sufficiently similar. In all three prior armed robberies the victims testified that they were robbed at gunpoint by Nealy on the street in the same neighborhood as the present robbery.

2. Contrary to Nealy's assertion, the trial court did not err in failing to give a limiting instruction on similar transaction evidence when it was admitted. In the absence of a request for such instruction, none was required when the similar transaction evidence was admitted. *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998).

3. Nealy claims he was prejudiced and should have been granted a new trial because of ineffective assistance of counsel.

> The Sixth Amendment right to assistance of counsel also guarantees a criminal defendant the right to effective . . . counsel. *Black v. State*, 264 Ga. 550 (448 SE2d 357) (1994). In order to obtain the reversal of a conviction on a claim of ineffectiveness of counsel, a defendant has the burden of proof under both prongs of the test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Zant v. Moon*, 264 Ga. 93, 97 (440 SE2d 657) (1994). Under *Strickland,* supra, the defendant must prove: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. In determining

whether or not counsel's performance was deficient under the first prong, a court must measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. *Strickland*, supra; *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). Under the second prong, the test is whether there was a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficient performance. Id. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous." *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994).

*Parker v. State*, 220 Ga. App. 303, 306-307 (469 SE2d 410) (1996). Applying these standards, we find no merit in Nealy's claims that he was denied effective assistance of counsel.

Nealy asserts his trial counsel was ineffective because he failed to move to sever his trial from the trial of his co-defendants. Nealy claims he was entitled to a severance because his co-defendants were entitled in the joint trial to impeach him on cross-examination with his pending charges for rape and child molestation, and therefore the joint trial improperly forced him to give up his Fifth Amendment right to testify in his own behalf to avoid being impeached with the pending charges.

Even if Nealy had elected to testify in his own behalf at the trial and was subject to cross-examination by his co-defendants, the use of pending charges (as opposed to a prior conviction) would not have been a proper method of impeachment. *Williams v. State*, 257 Ga. 761 (363 SE2d 535) (1988); *Syfrett v. State*, 210 Ga. App. 185, 187 (435 SE2d 470) (1993); compare *Thomas v. State*, 199 Ga. App. 586, 588-591 (405 SE2d 512) (1991), rev'd on other grounds, 261 Ga. 854 (413 SE2d 196) (1992) (even where defendant seeks to cross-examine co-defendant with prior conviction, trial court retains wide latitude to impose limits on cross-examination). Since Nealy's Fifth Amendment rights were not abridged by the joint trial, there is no basis to conclude trial counsel was ineffective in failing to move for severance on this basis. See *Dennard v. State*, 263 Ga. 453, 455 (435 SE2d 26) (1993).

Nealy claims trial counsel was ineffective because counsel had a hearing impairment which prevented him from hearing the witnesses at trial and prevented effective communication between counsel and defendant. Trial counsel testified at the motion for new trial that, with the benefit of hearing aids which he wore during the trial,

he was able to hear without trouble and communicate effectively with Nealy. The trial judge, who had the opportunity to observe trial counsel during the trial, concluded that there was no merit to this contention. We find no error in this conclusion.

Nealy contends trial counsel failed to adequately investigate the case. Trial counsel testified that he interviewed Nealy on eight or ten occasions prior to trial and that his investigator also inquired into the facts of the case and interviewed witnesses. Even if trial counsel could have conducted a more complete investigation, we find no basis to conclude that the investigation fell below an objective standard of reasonableness.

There is no merit in Nealy's claim that trial counsel was ineffective for failing to assert prior to trial that the victims in the three prior similar transaction armed robberies failed to identify Nealy as the armed robber. In all three similar transactions, the victim positively identified Nealy as the robber.

4. Nealy contends the trial court erred by denying his motions for a mistrial.

First, Nealy moved for a mistrial on the basis that, during a recess taken during Hagins' trial testimony, the trial court barred certain members of the public from returning to the courtroom after receiving evidence that they were intimidating Hagins as he testified. In moving for a mistrial, Nealy contended that, when the jury returned, they would notice that the people were no longer in the courtroom and would improperly infer that Nealy was involved in intimidation of the witness. None of the rulings or actions taken by the trial court on this issue was done in the presence of the jury. We find no basis to conclude that the jury would infer that Nealy was intimidating witnesses or that the trial court's actions did anything to prejudice Nealy's right to a fair trial. The trial court did not err by denying the motion for a mistrial.

Second, Nealy moved for a mistrial on the basis that he was denied a fair trial because Hagins changed his testimony during the trial and was allowed to explain that he did so because he was threatened with bodily harm and bribed. We find no error in the denial of the motion. Hagins was properly allowed to explain why he had testified falsely and inconsistently earlier in the trial to rebut the discrediting effect of the earlier testimony. *Bivins v. State*, 200 Ga. 729, 740-741 (38 SE2d 273) (1946); *Benefield v. State*, 140 Ga. App. 727, 731 (232 SE2d 89) (1976). Moreover, the trial court instructed the jury that the explanation given by Hagins was only for the purpose of explaining the changed testimony, and that it was not to be considered as evidence against any of the defendants or for any other purpose.

5. The evidence was sufficient for a rational trier of fact to con-

clude that Nealy was guilty beyond a reasonable doubt as a party to the crime of armed robbery. OCGA §§ 16-2-20; 16-2-21; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

### Case No. A99A0807

6. Mahmoud contends the evidence was insufficient to establish that he was guilty of armed robbery against either of the victims. Hagins testified that, while Grant held a gun, Mahmoud took money from him and Matthews. Matthews testified that all three defendants ran off together after the robbery. This testimony, along with other evidence presented by the State, was clearly sufficient to allow a rational trier of fact to conclude that Mahmoud was guilty beyond a reasonable doubt as a party to the crime of armed robbery. OCGA §§ 16-2-20; 16-2-21; *Jackson v. Virginia*, 443 U. S. 307.

7. There is no merit to Mahmoud's claim that the trial court improperly expressed an opinion during the course of the trial as to what had or had not been proved or as to the guilt of the accused in violation of OCGA § 17-8-57. The trial court stated to the jury that Hagins "is about to testify as to I believe some bases for his change in testimony which you may have observed yesterday," then followed with a cautionary instruction that Hagins' testimony should be considered solely for the purpose of explaining the change and for no other purpose. This statement could not possibly be construed as a violation of OCGA § 17-8-57.

8. Mahmoud contends the trial court erred by denying his motion for a mistrial after Hagins was allowed to testify that he received a threat from an unidentified person and a bribe from Mahmoud's father concerning his testimony in the case.

Earlier in the trial, Hagins gave testimony that the defendants were not the robbers that was inconsistent with other trial testimony and pretrial statements he made identifying the defendants as the robbers. In subsequent testimony, Hagins said that, earlier in the trial, he had falsely testified that the defendants were not the robbers because an unidentified person threatened him with bodily harm if he testified against the defendants and because Mahmoud's father had bribed him with money. The trial court properly allowed Hagins to give this testimony to explain why he had testified falsely and to rebut its discrediting effect. *Bivins*, 200 Ga. at 740-741; *Benefield*, 140 Ga. App. at 731; compare *Fields v. State*, 260 Ga. 331, 333 (393 SE2d 252) (1990) (error to admit prosecution witness' testimony as to threat where it was not admissible to explain other testimony discrediting the witness, and the State's inability to link the threat to the defendant prevented the testimony from being relevant to any other material issue). Moreover, before Hagins gave his explanation,

the trial court gave cautionary instructions to the jury that the testimony was solely for the purpose of explaining Hagins' changed testimony, and that it was not to be considered as evidence against any of the defendants or for any other purpose. Under these circumstances, the trial court properly denied the motion for a mistrial.

### Case No. A99A0808

9. There is no merit to Grant's contention that the evidence was insufficient to support his convictions for armed robbery. Both victims testified that Grant held them at gunpoint while they were robbed. It was for the jury to determine the weight of the evidence and the credibility of the State's witnesses. *Parker v. State*, 220 Ga. App. 303. On appeal, this Court views the evidence in the light most favorable to the verdict and determines if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Id. Under these standards, the evidence was sufficient to support Grant's convictions on both counts of armed robbery. *Jackson v. Virginia*, 443 U. S. 307.

10. Grant contends the trial court erred by granting the State's motion in limine to preclude any cross-examination of the State's witness, Matthews, as to charges pending against the witness.

Grant proffered evidence that, at the time of Matthews' testimony, Matthews had charges pending against him for theft by shoplifting, theft by receiving, possession of marijuana, simple battery, and giving false information to the police. He was also on probation for theft by receiving. Pursuant to the Confrontation Clause of the Sixth Amendment, a defendant in a criminal trial is guaranteed the right to cross-examine a witness against him concerning criminal charges brought by the State which are pending against the witness. *Hines v. State*, 249 Ga. 257, 259-260 (290 SE2d 911) (1982). By means of such cross-examination, the defendant is entitled to attack the credibility of the witness by showing that the pending charges reveal a possible bias, prejudice, or ulterior motive on the part of the witness to give untruthful or shaded testimony in an effort to please the State. Id. Whether the witness is testifying pursuant to a deal with the State relating to the pending charges is not crucial to the right to conduct such cross-examination. Id. Rather, the defendant is entitled to show by cross-examination that the witness may be shading his testimony in an effort to curry favor from the State. Id. "A desire to cooperate may be formed beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception." (Citations and punctuation omitted.) Id. at 260.

Although the extent of cross-examination on a relevant issue is

within the sound discretion of the trial court, it is an abuse of discretion and clear error for the trial court to bar all inquiry by defense counsel on an issue on which the defendant was entitled to reasonable cross-examination. *Hines*, 249 Ga. at 260. It was error in the present case for the trial court to deny Grant any cross-examination of Matthews on the charges pending against him. Moreover, we cannot agree with the State's contention that the error was harmless. The State relied on the testimony of both victims, Hagins and Matthews, to prove the charges. Hagins gave conflicting versions of the robbery, at one point denying that any of the co-defendants were the robbers, then changing his testimony later in the trial and identifying the defendants as the robbers. Hagins explained that, earlier in the trial, he had been intimidated and offered money to exonerate the defendants. Hagins was also impeached by evidence that he had numerous prior felony convictions. Matthews, on the other hand, consistently testified that all three defendants were involved in the robbery. Because the State relied heavily on credible testimony from Matthews to prove its case, and the evidence was not otherwise overwhelming, the trial court committed reversible error by preventing defense counsel from attacking Matthews' credibility by cross-examination on his pending charges.[1] *Beam v. State*, 265 Ga. 853, 856-857 (463 SE2d 347) (1995); *Owens v. State*, 251 Ga. 313, 316-317 (305 SE2d 102) (1983); *Hines*, 249 Ga. at 260; compare *Byrd v. State*, 262 Ga. 426, 427-428 (420 SE2d 748) (1992) and *Garcia v. State*, 267 Ga. 257, 259 (477 SE2d 112) (1996).

11. Grant contends the trial court erred in admitting, over objection, testimony from Hagins that he received a threat from an unidentified person concerning his testimony in the case. There was no error for the reasons stated in Division 8, supra.

12. In light of our rulings affirming the convictions in related Case Nos. A99A0806 and A99A0807, we need not address Grant's contention that the trial court erred by refusing to sever his case from his co-defendants.

*Judgments affirmed in Case Nos. A99A0806 and A99A0807. Judgment reversed in Case No. A99A0808. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 18, 1999.

*Johnson, Prioleau & Kenison, Theodore Johnson*, for appellant (case no. A99A0806).

---

[1] Although the trial court's ruling erroneously prevented all three defendants from cross-examining Matthews on the pending charges, only Grant enumerated this as error on appeal.

*Rickey L. Richardson*, for appellant (case no. A99A0807).
*Suparna Malempati*, for appellant (case no. A99A0808).
*Paul L. Howard, Jr., District Attorney, David E. Langford, Kellie S. Hill, Assistant District Attorneys*, for appellee.