A99A2296. SCOTT v. THE STATE.
(527 SE2d 210)

ANDREWS, Presiding Judge.

Michael Bernard Scott appeals from his Gwinnett County conviction of forgery, contending that the trial court erred in limiting his cross-examination of co-defendant Angela Agnew.

Viewed in favor of the jury's verdict, the evidence was that, on July 18, 1998, Agnew was driven by Scott to Galleria Mall. Also in the car was Webster, Scott's girlfriend. All three lived in the same apartment complex, and Scott had asked Webster to go to eat and to a movie that afternoon. After arriving at the mall, Agnew alone went into Parisian where she attempted to purchase a dress with a check forged with the name of Tracey Armstrong. It was her intent to return the dress after several days and obtain cash. Agnew presented, as identification, a fake military Reserve identification card which was recognized as such by the clerk, who summoned security.

The store detective and Officer Pickens then approached Agnew, who acknowledged that the check and identification were false. Agnew then implicated Scott, saying he had given her the check and identification. She told the officers that Scott was waiting for her at the north entrance in a burgundy Mazda. Agnew was taken into custody and put in Pickens' patrol car. As they were exiting the parking lot, although not near the north entrance to the mall, the officer spotted a burgundy Mazda and radioed other officers to intercept it.

Sgt. Kirkland entered the parking lot and encountered Scott driving out. He turned on his blue lights and yelled and pointed at Scott to pull over. The car then jumped a curb but finally pulled over. Officer Pickens then asked Scott if he knew Agnew, and he said he had never seen her before.

At trial, Agnew stated for the first time that, prior to uttering the check at Parisian, she had already passed several other checks with the same intent. She stated that she obtained these checks from Scott and had been with him when he obtained the fraudulent checks from an unidentified man. When she was apprehended, she also had in her possession 11 other checks in the name of Tracey Armstrong.

During direct examination of Agnew, she stated that she had pled guilty to this "charge," i.e., the Parisian incident. She then testified, in response to a specific question from the prosecutor, that there were no "other pending charges" regarding "this case and these forgeries." On cross-examination, defense counsel attempted to inquire about her "legal status" in Muscogee County, where Agnew was alleged to be on probation under a first offender plea and there was an outstanding bench warrant for her. Defense counsel wanted to further examine this situation to explore her motive in bringing Scott into the prosecution and testifying against him. While the State correctly points out that a first offender sentence may not be used to impeach the first offender on general credibility grounds,[1] that is not what Scott was attempting to do.

> Pursuant to the Confrontation Clause of the Sixth Amendment, a defendant in a criminal trial is guaranteed the right to cross-examine a witness against him concerning criminal charges brought by the State which are pending against the witness. *Hines v. State*, 249 Ga. 257, 259-260 (290 SE2d 911) (1982). By means of such cross-examination, the defendant is entitled to attack the credibility of the witness by showing that the pending charges reveal a possible bias, prejudice, or ulterior motive on the part of the witness to give untruthful or shaded testimony in an effort to please the State. Id. Whether the witness is testifying pursuant to a deal with the State relating to the pending charges is not crucial to the right to conduct such cross-examination. Id. Rather, the defendant is entitled to show by cross-examination that the witness may be shading his testimony in an effort to curry favor from the State. Id. "A desire to cooperate may be formed beneath the conscious level, in a manner not appar-

---

[1] *Matthews v. State*, 268 Ga. 798, 801-803 (4) (493 SE2d 136) (1997); *Hall v. State*, 235 Ga. App. 44, 47 (6) (508 SE2d 703) (1998).

ent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception." (Citations and punctuation omitted.) Id. at 260. Although the extent of cross-examination on a relevant issue is within the sound discretion of the trial court, it is an abuse of discretion and clear error for the trial court to bar all inquiry by defense counsel on an issue on which the defendant was entitled to reasonable cross-examination.

*Nealy v. State*, 239 Ga. App. 651, 656-657 (10) (522 SE2d 34) (1999).

While any petition seeking revocation of her probation would not have been admissible, *Turtle v. State*, 271 Ga. 440, 444 (4) (520 SE2d 211) (1999), counsel should have been allowed to cross-examine Agnew concerning this on the same premise that allows cross-examination regarding pending charges. Id.; *Nealy*, supra.

Here, the sole evidence implicating Scott came from Agnew. She had neglected to tell the police or prosecutor, until trial, about the other checks she had already passed, and it is not inconceivable that her failure to do so had to do with a pending probation revocation on her first offender case. Webster's testimony about the events leading up to the trip to the mall differed in many pertinent details from Agnew's, and there was a substantial issue as to Agnew's credibility. Therefore, the error here cannot be said to be harmless. Compare *Nealy*, supra, with *Whitlock v. State*, 239 Ga. App. 763, 765 (2) (521 SE2d 901) (1999).

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED DECEMBER 6, 1999 —
RECONSIDERATION DENIED MARCH 17, 2000 — 

*Barry M. Hazen*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.