## A00A2126. McCRIMMON v. THE STATE.
(538 SE2d 537)

PHIPPS, Judge.

Timothy McCrimmon appeals his conviction of sale of cocaine, challenging the sufficiency of the evidence to support the verdict. Finding the evidence sufficient, we affirm.

The State's evidence showed the following. On March 2, 1999, Chatham County narcotics agent Tothe was engaged in undercover, street-level drug buys in Savannah. He was carrying marked bills and riding in a vehicle operated by Agent Tremelling and equipped with an audio-video camera.

Tothe's and Tremelling's testimony and audio-video tapes of the transaction showed the following. Tothe observed McCrimmon and another male standing near an apartment complex in an area known for drug activity. After Tothe attracted McCrimmon's attention, McCrimmon approached the vehicle, and Tothe asked to purchase $20 worth of crack cocaine. After some discussion, McCrimmon retrieved a piece of crack cocaine approximately one inch long, broke it into three pieces, and handed one of the pieces to Tothe. In turn, Tothe gave a marked $20 bill to McCrimmon.

The arrest team then appeared on the scene, whereupon McCrimmon exclaimed "man you got me on a sale case" and began

---

running toward the apartment complex. Agent Desautels, a member of the arrest team, pursued McCrimmon into the courtyard of the apartments and arrested him. Desautels testified that he observed McCrimmon throwing something into an area where he later recovered the buy money identified by Tothe. But he did not find any cocaine in McCrimmon's possession, nor was he able to locate any cocaine in the apartment courtyard because of the grass cover. After McCrimmon was arrested, the buy money was placed back in circulation to be used in another undercover operation.

McCrimmon contends that there is inadequate proof of guilt beyond a reasonable doubt because no cocaine was found in his possession or presence, and the evidence does not exclude the possibility that the buy money recovered from the scene was used in an earlier drug deal or that the unidentified male present at the scene committed the crime.

There is no merit whatsoever in these contentions. McCrimmon was positively identified as the seller of the cocaine. The State presented a rational explanation for the officer's failure to recover the cocaine which had been observed in McCrimmon's possession. The jury was fully authorized to find that the buy money recovered from the scene was that used in this drug transaction.

> It was for the jury to determine the weight of the evidence and the credibility of the State's witnesses. [Cit.] On appeal, this Court views the evidence in the light most favorable to the verdict and determines if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. [Cit.][1]

Under these standards, the evidence was clearly sufficient to support McCrimmon's conviction of sale of cocaine.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 22, 2000.

*Caleb B. Banks*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lori T. Loncon, Assistant District Attorney*, for appellee.

---

[1] *Nealy v. State*, 239 Ga. App. 651, 656 (9) (522 SE2d 34) (1999).