# FOURTH DIVISION
## DOYLE, P. J.,
## MCFADDEN and BOGGS, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 5, 2013**

# In the Court of Appeals of Georgia

A13A0951. SHELTON v. THE STATE.                    DO-035 C

DOYLE, Presiding Judge.

Following a jury trial, Tiffany Shelton appeals her conviction of possession of marijuana with intent to distribute[1] and possession of a firearm during the commission of a felony.[2] Specifically, Shelton contends that the trial court erred by (1) granting the State's motion in limine preventing her from impeaching her accomplice's testimony by referring to a separate drug case pending against the accomplice, and (2) sustaining the State's objection to her cross-examination of a witness about whether the accomplice is a drug dealer. For the reasons that follow, we affirm.

---

[1] OCGA § 16-13-30 (j) (1).

[2] OCGA § 16-11-106 (b) (4).

Construed in favor of the verdict,[3] the evidence shows that a sheriff's department investigator received a tip from a familiar confidential informant that Patrick Donaldson and an unnamed female (Shelton) were in possession of a large quantity of marijuana in a blue Chevrolet Malibu with a certain license plate number. Based on the tip, the investigator alerted local police who immediately began searching for the described vehicle in the location reported by the tip. Two police investigators located the vehicle and executed a traffic stop. The investigators called for back-up officers and approached the vehicle. Investigator Billy Hunter approached the passenger side, and the passenger, Donaldson, opened the door, but Hunter shut the door and asked him to sit still. As the door closed, Hunter immediately smelled a strong odor of unburned marijuana. Meanwhile, the other investigator, Vernon Nobles, took the driver, Shelton, out of the car and back to the rear of the vehicle. Thereafter, additional officers arrived, Donaldson was removed from the car, and the car was searched, revealing two large sandwich bags of marijuana in the back seat area, digital scales, and a smaller bag of marijuana. Multiple empty bags of the same small type were found in the console and driver's

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

door pocket. Shelton also notified officers of the presence of her handgun wedged between the driver's seat and the console, which weapon she was licensed to carry.

Based on the contraband found in the vehicle, Shelton and Donaldson were charged with possession of marijuana with intent to distribute, and Shelton was charged with possession of a firearm during the commission of a felony. Prior to trial, the State moved in limine to prohibit any evidence that Donaldson had unrelated drug charges pending in another county. The trial court granted the motion, and following a trial at which both Donaldson and Shelton testified, Shelton was found guilty on the two indicted counts. Following the denial of her motion for new trial, she filed this appeal.

1. Shelton contends that the trial court erred by granting the State's motion in limine and preventing her from showing Donaldson's alleged bias toward the State by cross-examining him about an unrelated pending charge. We agree that the trial court erred, but we conclude that the error was harmless in the context of the evidence at trial.

Donaldson was charged with and pleaded guilty to the same possession charge as Shelton. At Shelton's trial, Donaldson testified that the marijuana found in the car was not his, but he did not accuse Shelton of possessing it. The fact of Donaldson's

guilty plea was elicited by the State during its direct examination, but, as noted above, Shelton was prevented from cross-examining Donaldson about any potential bias in favor of the State arising from unresolved charges in another case.

The Georgia Supreme Court has held that the Confrontation Clause of the Sixth Amendment to the U.S. Constitution guarantees "the defendant in a criminal trial both the general right to cross-examine witnesses against him and the more specific right to cross-examine a key state's witness concerning pending criminal charges against the witness."[4] Distinct from introducing evidence of a prior conviction, which is a "general attack on the credibility of the witness," evidence of a pending charge is a more particular attack aimed at revealing possible bias.[5] "What counts is whether the witness may be shading his testimony in an effort to please the prosecution . . . [Thus, because] the trial court cut off in limine all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination,"[6] it abused is discretion.

---

[4] *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). See *Manley v. State*, 287 Ga. 338, 340 (2) (698 SE2d 301) (2010) ("[D]efense counsel is entitled to a reasonable cross-examination on the relevant issue of whether a witness entertained any belief of personal benefit from testifying favorably for the prosecution.") (citation and punctuation omitted).

[5] *Hines*, 249 Ga. at 260 (2).

[6] (Emphasis omitted.) Id.

4

Nevertheless, such error does not require reversal if the State shows that the error was harmless beyond a reasonable doubt.[7] First, we note that Donaldson testified that the marijuana was not his, but he did not accuse Shelton of possessing it, instead saying that he didn't know who it belonged to and that he never saw it in the car. Thus, his testimony was not wholly favorable to the State. Further, putting aside Donaldson's testimony, it is undisputed that Shelton drove to Donaldson's residence, and she had rented the vehicle in which they briefly rode together and in which the marijuana was later found. It is likewise undisputed that marijuana packaging materials were found openly sitting in Shelton's door pocket. Finally , a small quantity of packaged marijuana was found in the patrol car where Shelton was sequestered; the vehicle had been searched and found to be free of contraband prior to her entry, and Shelton was the only person transported in the vehicle that day. Thus, in light of the the marijuana in the patrol car and the packaging materials in Shelton's car door, we conclude that the erroneous restriction on Shelton's cross examination of Donaldson was harmless beyond a reasonable doubt.

2. Shelton also contends that the trial court erred by forbidding her from asking the following question of a police investigator: "To your knowledge, is Patrick

---

[7] See *Mangum v. State*, 274 Ga. 573, 577 (2) (555 SE2d 451) (2001).

Donaldson a drug dealer?" Shelton contends that she intended to use the evidence to show that Donaldson was a drug dealer, so he had a propensity to possess the marijuana found in the vehicle Shelton drove. But, so broadly phrased, the question could be interpreted as an attack on Donaldson's character or veracity by specific instances of prior misconduct, which must be done using a certified conviction.[8] Further, Shelton was permitted to examine Donaldson about whether he possessed the drugs and whether he was using them at the time of the offense. Accordingly, the trial court did not abuse its discretion by sustaining the State's objection to the question as posed.[9]

---

[8] See *Martinez v. State*, 284 Ga. 138, 140 (3) (663 SE2d 675) (2008) ("a defendant may not attempt to impeach the character or veracity of a witness by specific instances of prior misconduct unless the misconduct has resulted in the conviction of a crime involving moral turpitude") (punctuation omitted); *Kimbrough v. State*, 254 Ga. 504, 505 (2) (330 SE2d 875) (1985) ("To impeach a witness by a prior conviction the conviction must be proved by the record of conviction itself, not by cross-examination.") (punctuation omitted).

[9] See *Boothe v. State*, __ Ga. __, __ (3) (Case No. S13A0042, decided July 1, 2013) ("To the extent that Appellant wished to question [a witness] about drug use in general [as opposed to at the time of the crime], the trial court did not abuse its discretion in determining that such inquiries were irrelevant and improper"), citing *Garcia v. State*, 240 Ga. 796, 801 (242 SE2d 588) (1978) (holding that the trial court did not abuse its discretion in limiting the cross-examination of a State witness's use of drugs to the time of the crime, as opposed to his general abuse of drugs); *Lancette v. State*, 151 Ga. App. 741 (4) (261 SE2d 405) (1979) (holding that the trial court properly sustained an objection to the defendant's asking a witness on

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

cross-examination, "Now, do you use marijuana?," because that issue was irrelevant and the defendant could not, "under the guise of attacking the witness' credibility, ask questions suggesting illegal or immoral conduct in areas other than that before the court"). See generally *Nicely v. State*, 291 Ga. 788, 796 (4) (733 SE2d 715) (2012) ("The permissible scope of cross-examination is committed to the sound discretion of the trial court, and we review a limitation of the scope of cross-examination only for abuse of discretion.").