**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 28, 2023**

# In the Court of Appeals of Georgia

A23A0333. RIDLEY v. THE STATE.

RICKMAN, Chief Judge.

In this interlocutory appeal, William Ridley challenges the trial court's order granting the State's motion in limine to exclude any evidence related to criminal charges lodged against the lead investigator in the case. Ridley contends that the trial court abused its discretion by excluding any reference to the investigator's arrest, the charges asserted against him, and the subsequent termination of his employment. For the reasons that follow, we vacate the trial court's order and remand the case to the trial court for proceedings consistent with this opinion.

In October 2017, the Paulding County Sheriff's Office investigated reports that Ridley had engaged in acts that would constitute aggravated child molestation and child molestation with two victims. Steve Sorrells, a detective in the Crimes Against

Children Unit of the Paulding County Sheriff's Office, was the lead investigator. Sorrells interviewed the victims and their parents, attended the victims' forensic interviews, obtained a recorded statement from Ridley, applied for and obtained an arrest warrant for Ridley and search warrants for evidence in the case, and testified before the grand jury, which returned indictments against Ridley in October 2018.[1]

In November 2019, Sorrells was arrested on two charges of child molestation and possibly other offenses. He was subsequently terminated from the Sheriff's Office. The record does not include many details about the case against Sorrells, revealing only that, according to the Paulding County District Attorney's Office, the events took place while Sorrells was employed by the Sheriff's Office, the Georgia Bureau of Investigation conducted the investigation, the Paulding County District Attorney's office is not handling the case, and no deal has been reached for his cooperation as a witness in Ridley's case. In September 2022, after Ridley's appeal was docketed in this Court, Sorrells was indicted by a Paulding County grand jury.

In anticipation of Sorrells' testimony in this case, the State filed a motion in limine to prohibit Ridley from mentioning the child molestation charges against

---

[1] Although Ridley was indicted separately for each victim, the indictments were combined for trial.

Sorrells, his arrest, or his subsequent termination from the Sheriff's Office. In its motion, the State argued that such evidence would be inadmissible under OCGA § 24-6-608 (specific instances of bad conduct may not be proved by extrinsic evidence, but may be inquired into on cross-examination if probative of truthfulness or untruthfulness), OCGA § 24-4-402 (irrelevant evidence is not admissible), and OCGA § 24-4-403 ("Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Following a hearing, the trial court granted the State's motion in limine.[2] In its order, the trial court initially recognized that the Confrontation Clause of the Sixth Amendment guarantees the right of an accused to confront the witnesses against him and stated that although the potential bias of a witness is always relevant, trial judges retain the right to impose reasonable limits on cross-examination. The trial court then concluded that the evidence at issue was inadmissible character evidence precluded by Rule 608. In addition, the trial court concluded that the evidence was more prejudicial than probative and therefore properly excluded under Rule 403. After

_____

[2] We note that the trial court's order was drafted by the State.

3

obtaining a certificate of immediate review from the trial court, Ridley filed an application for interlocutory appeal in this Court, which we granted. This appeal followed.

We review the trial court's ruling on a motion in limine for abuse of discretion. *Hutzel v. State*, 359 Ga. App. 493, 498 (4) (859 SE2d 495) (2021). "A party's motion in limine to exclude evidence as inadmissible should be granted only if there is no circumstance under which the evidence is likely to be admissible at trial. Accordingly, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citations and punctuation omitted.) Id. at 499 (4).

Ridley contends that the trial court abused its discretion by excluding any reference to Sorrells' arrest, the charges asserted against him, and the subsequent termination of his employment. He argues that the trial court abridged his Sixth Amendment right to confront witnesses against him and that the risk of unfair prejudice to the State from admitting evidence of Sorrells' pending charges does not substantially outweigh the probative value of the evidence.[3]

---

[3] Ridley does not challenge the trial court's conclusion that the evidence would not be admissible under Rule 608.

"The Confrontation Clause of the Sixth Amendment to the United States Constitution guarantees to the defendant the right to inquire about a witness's pending criminal charges in an effort to show that the witness has possible biases, prejudices, or ulterior motives that may influence his testimony." (Citation and punctuation omitted.) *Carston v. State*, 310 Ga. 797, 800 (2) (854 SE2d 684) (2021); accord *Kennebrew v. State*, 267 Ga. 400, 402-403 (3) (480 SE2d 1) (1996).[4] Whether the witness is testifying pursuant to a deal with the State is not crucial to the right to conduct such cross-examination. *Hines v. State*, 249 Ga. 257, 260 (2) (290 SE2d 911) (1982); accord *Byrd v. State*, 262 Ga. 426, 427 (2) (420 SE2d 748) (1992); see also *Cheley v. State*, 299 Ga. 88, 94 (4) (786 SE2d 642) (2016) (Where a prosecution witness is facing charges but has not entered a deal with the State, "the defendant has broad scope in exposing the potential for bias in the witness's testimony[.]") (citation and punctuation omitted).

> What counts is whether the witness may be shading his testimony in an
> effort to please the prosecution. A desire to cooperate may be formed

---

[4] "Bias is a term used in the 'common law of evidence' to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest." *United States v. Abel*, 469 U. S. 45, 52 (105 SCt 465, 83 LE2d 450) (1984).

5

beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception.

(Citations and punctuation omitted.) *Hines*, 249 Ga. at 260 (2). In addition, a defendant's Confrontation Clause right to inquire about a witness's pending criminal charges is not automatically negated by the fact that the pending charges are being prosecuted by a different district attorney's office in the state. See *Hines*, 249 Ga. at 258, 260 (2) (upholding defendant's Sixth Amendment right to cross-examine a key state's witness concerning pending criminal charges against the witness where the witness was being held in jail in an adjoining county because of his arrest on charges in that county).

The Confrontation Clause does not, however, prohibit the imposition of any limits on cross-examination into potential bias.[5] Trial judges

---

[5] For example, in *Watkins v. State*, 276 Ga. 578, 581 (3) (581 SE2d 23) (2003), the Supreme Court of Georgia recognized that the right of cross-examination integral to the Sixth Amendment right of confrontation does not mandate "unlimited questioning by the defense," and concluded that the trial court did not abuse its discretion when it allowed defense counsel to question a prosecution witness about her pending charges but ruled that counsel could not ask the witness about the specific nature of the charges pending against her.

6

retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

(Citation and punctuation omitted.) *State v. Vogleson*, 275 Ga. 637, 639 (1) (571 SE2d 752) (2002). These limitations are consistent with Georgia's Rule 403, which permits trial judges to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[6]

"The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."

---

[6] Although the applicability of Rule 403 is not directly challenged here, we note that in *Holmes v. South Carolina*, 547 U. S. 319 (126 SCt 1727, 164 LEd2d 503) (2006), the United State Supreme Court recognized the connection between these limitations on cross-examination and Federal Rule 403 and explained that although the Constitution "prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Id. at 326-327 (II). In addition, the Supreme Court of Georgia, relying on the *Holmes* decision, found no constitutional impediment to applying Rule 403 to evidence of prior false allegations by a complaining witness in a sexual offense prosecution in *State v. Burns*, 306 Ga. 117, 125-126 (3) (829 SE2d 367) (2019).

7

(Citation and punctuation omitted.) *Hood v. State*, 299 Ga. 95, 103 (4) (786 SE2d 648) (2016). Thus, the trial court's discretion to exclude evidence under Rule 403 "is an extraordinary remedy which should be used only sparingly." (Citation and punctuation omitted.) *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016).

Here, the trial court found only that evidence of Sorrells' pending charges was more prejudicial than probative and never analyzed whether such prejudice *substantially outweighed* any probative value. Accordingly, the trial court erred when it performed its Rule 403 analysis. See *State v. Jackson*, 351 Ga. App. 675, 677 (832 SE2d 654) (2019) (abuse of discretion standard does not permit application of wrong legal standard). We therefore vacate the trial court's order and remand the case for the trial court to reconsider the motion in limine under the correct legal standard. See *State v. Harris*, ___ Ga. ___ (3) (Case No. S23A0090, decided May 16, 2023); *State v. Anderson*, 365 Ga. App. 75, 80 (877 SE2d 639) (2022); *Jackson*, 351 Ga. App. at 677.

*Judgment vacated and case remanded with direction. Dillard, P. J., and Pipkin, J., concur.*