A90A2155. HAYNES v. THE STATE.
A90A2156. FLOURNOY v. THE STATE.
(404 SE2d 585)

POPE, Judge.

Defendants/appellants Rico Haynes and Alfonzo Flournoy, along with co-defendant Christopher Wilson, were jointly tried on an indictment charging them with four counts of aggravated assault. The jury found Flournoy and Wilson guilty on all four counts and Haynes guilty on count three. Haynes and Flournoy filed separate appeals to this court, which we have consolidated for review. *Held*:

Although not without conflict, construed so as to support the guilty verdicts, the evidence shows the following: On January 29, 1989, the defendants, sometimes referred to as the "Moultrie boys" were at a club known as AJ's Place or Jones disco in Mitchell County, Georgia. Also present at the club were persons known collectively as the "Albany boys." Haynes, a member of the Moultrie group, approached Leroy Wilson, a member of the Albany group, and stated to him that he was not involved in whatever took place that night. Flournoy then approached Wilson; according to Wilson, Flournoy had on a previous occasion robbed him at gunpoint. Wilson pushed Flournoy, who removed a gun from inside his jacket and began firing. Other members of the Moultrie boys also began firing into the

crowded club. Leroy Wilson, Randy Donalson, Ernest Mitchell and Vernita Hartsfield were shot and suffered injuries of varying severity.

Various witnesses testified at trial that all of the defendants, as well as other persons identified as members of the Moultrie group, had guns and several witnesses testified they saw defendants Flournoy and Christopher Wilson fire their weapons. When police arrived they were told by witnesses that those involved in the shooting had arrived in a gray and white Blazer and that following the shooting the defendants disposed of their weapons in some nearby woods. Police officers found defendant Haynes sitting in the back seat of the Blazer with a loaded ammunition clip placed between his feet. A search of the woods uncovered an Intertech semi-automatic pistol, minus the ammunition clip, and a loaded .38 caliber pistol and four bullets. Officers also found a .38 caliber weapon with four "live" rounds inside the club and one "spent" round. The next day another weapon was found in the same wooded area.

### Case No. A90A2155

1. In his first two enumerations of error defendant Haynes contends the evidence was insufficient to support his conviction of aggravated assault of Leroy Wilson. Although it is true, as defendant argues, that none of the witnesses at trial testified they saw Haynes fire a weapon, several witnesses did testify they saw Haynes with a weapon during the shooting and witnesses at the scene identified Haynes as being involved in the altercation. Leroy Wilson testified that immediately following the shooting he overheard someone who sounded like Haynes, although he could not be positive of the identification because he could not see the speaker, state to the others that they should dispose of their weapons. When officers arrived they found the weapons used in the shooting (including an Intertech semi-automatic) in a nearby wooded area and they found Haynes sitting in the back of the Blazer with the Intertech ammunition clip placed between his feet. We find this evidence, as well as other evidence presented at trial, sufficient to support Haynes' conviction of the offense of aggravated assault, as a party to that crime, beyond a reasonable doubt. See OCGA § 16-2-20; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Lubiano v. State*, 192 Ga. App. 272, 274 (1b) (384 SE2d 410) (1989); *Miller v. State*, 174 Ga. App. 42, 43 (1) (329 SE2d 252) (1985); *Thompson v. State*, 168 Ga. App. 734, 736 (4 & 5) (310 SE2d 725) (1983).

2. In his next five enumerations of error Haynes argues the trial court erred in admitting, over objection, evidence of allegedly similar transactions on the basis the State failed to show sufficient similarities between the prior and subsequent offenses. " ' "Evidence of other

similar crimes by a defendant is admissible if there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Such evidence may be admitted to show state of mind or intent of a defendant. . . ." (Citations and punctuation omitted.) *Sparks v. State*, 172 Ga. App. 891, 892-893 (324 SE2d 824) (1984).' *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989)." *Flanagan v. State*, 193 Ga. App. 408, 409 (2) (388 SE2d 29) (1989). See also *Hicks v. State*, 232 Ga. 393, 396-397 (207 SE2d 30) (1974).

The complained-of evidence related to a "drive-by" shooting of an occupied vehicle and an occupied dwelling. The prior offenses occurred at approximately 3:00 p.m. on the same day of the shooting at AJ's. It is undisputed that defendants in the case at bar, as well as other members of the "Moultrie boys" were involved in the earlier incidents. The same types of weapons were used in both the drive-by shootings and the shooting at AJ's; in the earlier occurrences defendants fired indiscriminately into an occupied vehicle and dwelling and in the later incident defendants fired indiscriminately into a crowded room.

Although Haynes suggests on appeal that the crimes are not sufficiently similar because he was charged with criminal damage to property in the first degree for the drive-by shootings and aggravated assault in connection with the shooting at AJ's, we do not find that distinction dispositive. The fact that no person was injured in the earlier occurrences was merely fortuitous. Moreover, the earlier incidents, as was the shooting in this case, were precipitated by previous "trouble" between defendants and the intended victims or the victims' associates or families.

" 'In the case before us, we have no hesitancy whatever in holding that the two transactions were sufficiently similar to render evidence of the earlier transaction admissible for the purpose of illustrating the (defendant's) motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' [Cits.]" *Flanagan*, supra at 410. This enumeration is without merit. See also *Aaron v. State*, 195 Ga. App. 339 (1) (393 SE2d 698) (1990); *Henderson v. State*, 190 Ga. App. 243, 244 (378 SE2d 530) (1989).

3. Haynes next contends the trial court abused its discretion in limiting his cross-examination of Leroy Wilson. The transcript shows that counsel for co-defendant Flournoy sought to elicit testimony from the witness concerning where the witness had stayed the night before the trial, in order to impeach the witness by showing he was incarcerated for pending criminal charges. The trial court sustained the State's objection to the question on the ground that defense counsel's questioning of the witness was an improper method of impeachment under the best evidence rule. Haynes argues that the trial

court's ruling was improper under the holding in *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). We find no error.

In *Hines*, defense counsel was allowed to cross-examine the State's key witness about his incarceration and pending criminal charges against him "to find out if any deal had been made in return for his testimony and to find out if [the witness] might tacitly assume that he would receive some benefit by giving testimony favorable to the state." Id. at 258. However, the transcript in this case does not reflect that defendants sought to question the witness here about his possible bias or to expose his interest in testifying for the State, but merely urged that "it is proper impeachment of a witness to use pending . . . charges, and that that could be done by cross examination of the witness." We decline to read *Hines* so broadly. "[E]vidence of a pending charge against a witness may be admissible to show the witness' interest in cooperating with the [S]tate in order to have the charge against him dismissed or reduced. . . . However, the record [in the case at bar] fails to reflect that this reason was urged at trial. . . . Thus, we find no harmful error regarding [this enumeration]." *Strickland v. State*, 257 Ga. 230, 233 (4) (357 SE2d 85) (1987). Accord *Williams v. State*, 251 Ga. 749, 799-800 (12) (312 SE2d 40) (1983); cf. *Harrison v. State*, 259 Ga. 486 (3) (384 SE2d 643) (1989); *Owens v. State*, 251 Ga. 313 (1) (305 SE2d 102) (1983).

4. Haynes also argues the trial court abused its discretion in denying his pre-trial motion to sever the trial of his case from that of his co-defendants. " '(T)he burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. (Cit.) He must make a clear showing of prejudice and a consequent denial of due process. (Cits.)' *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). [After reviewing the record in this case, including the affidavits filed in support of Haynes' motion to sever, we find n]o such showing has been made in the present case. Accordingly, no abuse of discretion by the trial court has been established." *Reedman v. State*, 193 Ga. App. 688, 690 (4) (388 SE2d 763) (1989). See also *Stevens v. State*, 165 Ga. App. 814 (3) (302 SE2d 724) (1983).

5. For the reasons stated above, we also conclude that the trial court properly denied Haynes' motion for new trial.

*Case No. A90A2156*

6. Defendant Alfonzo Flournoy also asserts the trial court erred in limiting defense counsel's cross-examination of Leroy Wilson, arguing for the first time on appeal that the disallowed question was an attempt to reveal any deals the witness may have made in exchange for his testimony. However, as stated in Division 3, supra, the tran-

script shows that this reason for allowing the defendants to question the State's witness about his incarceration was not urged before the trial court. " 'Grounds which may be considered . . . on appeal are limited to those which were raised at trial.' *Proffitt v. State*, 181 Ga. App. 564 (2) (353 SE2d 61) (1987)." *Shortes v. State*, 193 Ga. App. 859, 860 (2) (389 SE2d 354) (1989). Consequently, this enumeration affords no basis for reversal.

7. Flournoy next contends the trial court erred in denying his pre-trial motion to sever on the basis that he was prejudiced by testimony at trial that showed some of the witnesses were confused about the identity (or at least the names) of some of the participants in the shooting. However, the transcript shows Flournoy was unequivocally identified as being involved in the shooting and was specifically identified by several witnesses as having been the first to fire shots. Consequently, we fail to see, and defendant has failed to show, how he might have been prejudiced by testimony which may have indicated some confusion about the names or identity of others who also may have been involved in the offenses charged. Consequently, the trial court did not abuse its discretion by refusing to grant Flournoy's motion to sever. See *Stevens v. State*, supra at (3).

8. Contrary to Flournoy's next enumeration assigning error to the admission of similar transaction evidence, the evidence shows that Flournoy participated in both the drive-by shooting of the vehicle as well as the drive-by shooting of the dwelling. Moreover, the fact that Flournoy pled guilty to only the latter offense does not render the former inadmissible under the facts of this case.

9. Lastly, Flournoy challenges the sufficiency of the evidence. However, the evidence against Flournoy was not only sufficient, it was overwhelming. Consequently, this enumeration is without merit.

*Judgments affirmed. Beasley and Andrews, JJ., concur.*

DECIDED FEBRUARY 15, 1991 —
REHEARING DENIED MARCH 26, 1991.

*Robert C. Richardson, Jr.*, for appellant (case no. A90A2155).
*Michael L. Bankston*, for appellant (case no. A90A2156).
*J. Brown Moseley*, District Attorney, *Ronald S. Smith, John Tracy*, Assistant District Attorneys, for appellee.