S96A0881. WRIGHT v. THE STATE.
(471 SE2d 883)

HUNSTEIN, Justice.

Appellant Vanchester Wright was convicted of malice murder in

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the killing of Jesse Gray and was sentenced to life imprisonment.[1] He appeals and we affirm.

1. The evidence adduced at trial authorized the jury to find that on the evening of March 13, 1993, appellant and a companion, Carlos Green, were walking to a convenience store when they encountered the victim, Jesse Gray, in an alley. Gray had just purchased cigarettes for his sister at the store and was returning to her home. Appellant nodded at Gray and Green engaged Gray in a brief conversation before they continued on their way. Appellant then told Green to "hold up" while he walked back to Gray and demanded that Gray "give it up." When Gray responded that he had nothing, appellant shot him in the head, killing him. Appellant later told a group of neighborhood acquaintances that he had killed Gray because Gray had nothing to give him. Viewed in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Green testified at trial that he witnessed appellant demand that Gray "give it up" and then shoot him. Appellant sought to impeach Green by introducing a certified copy of an indictment for aggravated assault and then cross-examining Green regarding his plea to the lesser included offense, reckless conduct, a misdemeanor. Following objection by the State, the trial court advised appellant's counsel that he could ask Green (outside the presence of the jury) whether Green had been promised anything in exchange for his testimony, but that he would not be permitted to impeach Green with a mere allegation of the commission of a felony or conviction of a misdemeanor not involving moral turpitude. On examination by defense counsel, Green testified that he had not been promised anything by the district attorney in exchange for his testimony. The trial court subsequently posed the same question to Green, eliciting the same response. The prosecutor stated in his place that he knew of no deal and that after conferring with the detective he was convinced there was no deal made by the police for Green's testimony. Defense counsel was permitted to ask Green (still outside the presence of the jury) whether there were any pending charges against him, to which Green also responded in the negative. The defense proffered no evidence to

---

[1] The crime occurred on March 13, 1993 and Wright was indicted by the Dougherty County Grand Jury on August 13, 1993. Following a jury trial, Wright was convicted on March 17, 1994 and sentenced on March 25, 1994. By order entered October 23, 1995, Wright was permitted to file an out-of-time appeal; his notice of appeal was filed on the same date. The appeal was docketed in this Court on February 26, 1996 and submitted for decision on briefs on April 22, 1996.

the contrary.

Relying on *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982) and *Beam v. State*, 265 Ga. 853 (3) (463 SE2d 347) (1995), appellant argues that exposure of the possibility of bias on the part of a witness is a recognized means of discrediting the witness and that the existence of a deal is not so important as "whether [a] witness may be shading his testimony in an effort to please the prosecution. . . . [Cit.]" *Hines*, supra at 260 (2). Appellant contends that the trial court impermissibly restricted the scope of his cross-examination in violation of his Sixth Amendment right of confrontation. See *Davis v. Alaska*, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974). Although he concedes that *Hines* and *Beam*, supra, involved pending prosecutions, appellant argues that it was for the jury to consider whether Green's testimony may have been influenced in some way by Green's plea before trial to reckless conduct on the aggravated assault charge. We disagree. While

> the partiality of a witness may be exposed by proof that he hopes to benefit in related cases from his cooperation with the prosecution in this case. . . . [and is therefore] " 'always relevant as discrediting the witness and affecting the weight of his testimony.' "

(Citations omitted.) *Kinsman v. State*, 259 Ga. 89, 91 (7) (b) (376 SE2d 845) (1989), where appellant failed to prove either that there had been a deal or that Green had any expectation of a deal, it was not error for the trial court to refuse to allow appellant to attempt to impeach Green with impermissible character evidence. OCGA § 24-9-84. Appellant was allowed to impeach Green with his prior inconsistent statements to detectives. Accordingly, we conclude that the trial court did not impermissibly abridge appellant's Sixth Amendment rights by its limitation of his cross-examination of Carlos Green.

3. We find no merit to Wright's remaining five enumerations of error, in which he contends that the trial court erred in admitting the testimony of witness Melissa Calley without first determining her competency, in denying his motion for a directed verdict, and in giving improper charges to the jury on reasonable doubt, criminal intent, malice and felony murder, malice, heat of passion and sudden provocation.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Lewis R. Lamb,* for appellant.

*Britt R. Priddy, District Attorney,. Gregory W. Edwards, Gregory A. Clark, Assistant District Attorneys, Michael J. Bowers, Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.