## A02A1093. GORDILLO v. THE STATE.
(564 SE2d 486)

ELDRIDGE, Judge.

A Cobb County jury found Guillermo Gordillo guilty as a party to the crime of aggravated battery for Gordillo and co-defendant Omar Gonzales' joint attack on a fellow inmate at the Cobb County Adult Detention Center, wherein Gordillo forced the victim into his cell by beating him with his fists, thereby enabling Gonzales to beat the victim with a broom handle "until [he] was almost dead"; the attack left the victim partially paralyzed and brain damaged. Without challenging the sufficiency of the evidence against him, Gordillo appeals and argues that the trial court improperly sustained a State's objection to Gordillo's opening statement; that the trial court erred by abridging his right to cross-examine two State's witnesses; and that he received ineffective assistance of counsel at trial. Upon review of these claims, we find each meritless and affirm Gordillo's conviction.

1. We reject the claim that the trial court erred in sustaining objection to Gordillo's opening statement when Gordillo attempted

to, as he puts it by brief, "state, illustrate, and demonstrate" to the jury that he was guilty of no more than the lesser included offense of simple battery. "Defense counsel's statement shall be restricted to expected proof by legally admissible evidence, or the lack of evidence."[1] The trial court had neither instructed the jury on the offense of simple battery nor decided that the evidence warranted such instruction. Accordingly, Gordillo's attempt to argue the law during opening statement was improper, and the trial court's ruling prohibiting such argument was not error.

2. Both the victim and another inmate at the Cobb County Adult Detention Center testified at trial on behalf of the State. Prior to the start of trial, the State moved in limine to prevent Gordillo from cross-examining these two witnesses about the offenses that resulted in their incarceration at the center, unless counsel introduced a certified copy of conviction as to the offenses. Gordillo assigns error to the trial court's granting of the State's motion in limine. Citing the Supreme Court of Georgia case of *Hines v. State*,[2] Gordillo claims his right to cross-examine the two witnesses regarding their motivation to testify was abridged by the court's ruling. We do not agree.

(a) *Hines* dealt with the ability of a defendant to cross-examine a State's witness about *pending* criminal charges in order to explore whether his testimony might be biased in order to curry favor with the State regarding the pending charges. Here, there was no evidence of pending charges with regard to any witness so as to make *Hines* applicable. The inmate-witnesses in the instant case had already been convicted, sentenced, and were serving those sentences on the offenses about which Gordillo wished to cross-examine them. Absent pending charges, there must be *some* evidence of a deal between a witness and the State in order to make such questioning relevant, and "where appellant failed to prove either that there had been a deal or that [the witnesses] had any expectation of a deal, it was not error for the trial court to refuse to allow appellant to attempt to impeach [them] with impermissible character evidence. OCGA § 24-9-84."[3]

(b) Moreover, from our review of the transcript, it does not appear that Gordillo's attorney ever desired to cross-examine the State's two inmate-witnesses about bias or pending charges. Instead, counsel wanted to impeach the character of the witnesses with cross-examination about the specific acts that resulted in their incarceration. Such impeachment dealing with specific bad acts is improper,

---

[1] Uniform Superior Court Rule 10.2.
[2] 249 Ga. 257, 259 (2) (290 SE2d 911) (1982).
[3] *Wright v. State*, 266 Ga. 887, 889 (471 SE2d 883) (1996).

and the trial court so ruled;[4] the court advised counsel that a certified copy of conviction of a crime of moral turpitude must be tendered in order to conduct such impeachment.[5]

Gordillo's counsel also sought to introduce specific bad acts of the victim in order to demonstrate the victim's "propensity for violence." However, no notice was served with regard to such intent; further, no attempt was made to make out a prima facie case of justification so as to warrant the admission of evidence showing the victim's propensity for violence, if indeed such evidence existed.[6] Accordingly, the trial court properly ruled out evidence of specific bad acts absent proper foundation, and Gordillo's contentions to the contrary are meritless.

3. In his next six enumerations of error, Gordillo claims he received ineffective assistance of counsel in that his attorney (a) failed to preserve the *Hines* issue discussed in Division 2, supra; (b) failed to secure the attendance of co-defendant Gonzales as his main defense witness; and (c) failed to object to the State's use of non-noticed aggravating circumstances during sentencing. Gordillo additionally claims: (d) that while perhaps the prior three deficiencies do not demonstrate ineffective assistance of counsel in and of themselves, the "aggregate effect" of these deficiencies demonstrates such violation; and (e) that while perhaps these three deficiencies fail to demonstrate a violation of the United States Constitution, they show a violation of his Due Process rights under the Constitution of the State of Georgia, which Gordillo contends "guarantee[s] greater rights and provide[s] more extensive protections of individual liberty than the corresponding portions of the U. S. Constitution."

At the outset, we note that a transcript of a hearing on Gordillo's claims of ineffective assistance of counsel is not before us. Neither does Gordillo cite nor make reference to any such transcript in his brief. Accordingly, it does not appear that he obtained the testimony of his trial attorney with regard to the instant claims of ineffective assistance of counsel. "The burden is on the party alleging error to show it affirmatively by the record, and when [he] does not do so, the judgment is assumed to be correct and must be affirmed."[7]

However, because of the extensive time lapse between conviction

---

[4] *Strickland v. State*, 257 Ga. 230, 232-233 (357 SE2d 85) (1987).

[5] *Ailstock v. State*, 159 Ga. App. 482, 486 (3) (283 SE2d 698) (1981); *Paradise v. State*, 212 Ga. App. 166, 169 (3) (441 SE2d 497) (1994).

[6] *Chandler v. State*, 261 Ga. 402, 407-408 (3) (405 SE2d 669) (1991); *Strong v. State*, 264 Ga. 837 (2) (452 SE2d 97) (1995).

[7] (Citation and punctuation omitted.) *Smith v. State*, 224 Ga. App. 819, 821 (481 SE2d 896) (1997); *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

and motion for new trial in this case,[8] we have reviewed the substance of Gordillo's claims and find them meritless. In that regard,

> [t]o establish that trial counsel was ineffective, appellant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for the unprofessional conduct, the outcome of the trial would have ·been different. As always, there is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment.[9]

(a) Gordillo's first claim of ineffective assistance of counsel based on the failure to raise an issue under *Hines v. State* is decided adversely to him in Division 2 (a), supra.

(b) Gordillo's second claim of ineffective assistance is that his attorney failed to secure the attendance of the "main witness" for the defense, co-defendant Gonzales, who earlier pled guilty to the instant offense. In attempting to show error and prejudice, Gordillo asserts that Gonzales would have testified (i) that the victim was the aggressor; (ii) that Gonzales — not Gordillo — beat the victim with the broom handle; and (iii) that Gordillo did not participate in the altercation.

Notably, Gordillo's current attorney also did not secure Gonzales' testimony in a hearing on a motion for new trial. So, we do not, in fact, know to what Gonzales might have testified. Instead, Gordillo directs our attention to the transcript of co-defendant Gonzales' guilty plea and asks this Court to inferentially find that Gonzales would have testified as asserted above. Our review of the guilty plea transcript shows no basis for the inferences of error and prejudice Gordillo asks us to make.

(i) While, during the guilty plea, Gonzales stated to the court that the victim hit him first, the State disputed that assertion and informed the court that Gonzales was the initial aggressor. When asked if he wished to go to trial to assert a justification defense, Gonzales demurred and entered his plea of guilty on the State's version of events, which the trial court accepted. From such admission of guilt — and in the absence of any evidence to the contrary — we find

---

[8] Such five-year lapse was apparently caused by the failure to transmit the proceedings below to this Court, which failure the record reveals was due to "the stress of business in this office [clerk's office] and not due to any fault on the part of the Attorney for the Appellant."

[9] (Footnotes omitted.) *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001).

no basis for Gordillo's claim that Gonzales would have testified that the victim was the aggressor, or that such testimony would have altered the verdict considering Gonzales' admission to the contrary by virtue of his guilty plea.[10] Accordingly, Gordillo has not established either error on the part of his attorney for failing to call Gonzales as a witness nor prejudice arising therefrom.

(ii) The evidence introduced at trial showed that Gonzales, not appellant Gordillo, actually wielded the broom handle. All the State's eyewitnesses testified to this fact. Accordingly, the failure to call Gonzales to testify about a fact that was simply cumulative of other evidence properly admitted cannot demonstrate error or prejudice on the part of Gordillo's trial attorney.

(iii) We decline Gordillo's invitation to find that, because Gordillo's part in the incident was not mentioned during Gonzales' guilty plea, such establishes that Gonzales would have affirmatively testified that Gordillo "did not participate in the altercation." We will not infer such explicit fact from a silent record. Accordingly, the instant claim is without evidentiary basis and does not establish either attorney error or prejudice therefrom.

(c) Finally, Gordillo contends his trial attorney was ineffective for failing to object to the State's use of aggravating circumstances during sentencing, without giving notice of such to the defense. This claim is factually meritless. The State's "Disclosure Certificate" specifically informed Gordillo in capital letters that "ALL CONVICTIONS WILL BE USED IN AGGRAVATION OF PUNISHMENT PURSUANT TO OCGA § 17-10-2," and the State simultaneously served upon Gordillo a copy of his Georgia Crime Information Center printout showing his 1995 Cobb County conviction for aggravated battery, the offense introduced in aggravation of sentence. In addition, the State served upon Gordillo a notice of intent to introduce the prior aggravated battery conviction as a similar transaction at trial. While such similar transaction notice did not mention sentencing,

> it did provide appellant with necessary details regarding the prior convictions which, in combination with [prior notification of intent to use convictions in aggravation of sentence and service of appellant's GCIC printout] would fulfill the purpose of the notification requirement by enabling appellant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other

---

[10] See *Wharton v. Anderson,* 270 Ga. 22, 24 (2) (504 SE2d 670) (1998) (tendering a guilty plea necessarily incorporates a defendant's voluntary admission of the existence of the facts supporting the elements of the offense to which he pleads); *Thorp v. State of Ga.,* 217 Ga. App. 275 (457 SE2d 234) (1995) (guilty plea as an admission in judicio).

defect which would render such documents inadmissible during the pre-sentencing phase of the trial.[11]

As Gordillo received notice of the State's intent to use his prior aggravated battery conviction in aggravation of sentence, there was no basis for his attorney to object when the State did just that. The "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance."[12]

(d) Because we find the above claims of attorney error to be factually meritless and without prejudicial effect, the "aggregate effect" of Gordillo's ineffective claim — comprising the three deficiencies alleged above — has no more strength than the sum of its parts. Accordingly, neither attorney error nor prejudice has been established by Gordillo's "aggregate effect" argument.

(e) We likewise decline to find that the Constitution of the State of Georgia authorizes a result different from that of the United States Constitution when addressing an ineffective assistance of counsel claim. The applicable standard is found in the two-prong *Strickland v. Washington*[13] analysis under which a defendant has the burden to show both attorney error and prejudice so that the validity of the outcome of the trial is called into question. In the absence of one or both prongs, the United States and the Georgia Constitutions authorize a finding that a defendant's Sixth Amendment right to counsel has not been abridged.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 15, 2002 — ▮

*Shandor S. Badaruddin*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Amy H. McChesney, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[11] (Citation and punctuation omitted.) *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992).

[12] (Citations and punctuation omitted.) *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

[13] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).