## S03A0545. GEORGE v. THE STATE.
### (580 SE2d 238)

THOMPSON, Justice.

Defendant Cameron James George was convicted of malice murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer.[1] He appeals, asserting, inter alia, that the trial court erred in failing to merge the malice murder and aggravated assault convictions for sentencing purposes. We find no error and affirm.

Viewing the evidence in a light to uphold the verdict, we find the following: George and Jason White were at a club when George called his best friend, Jason Carter, and asked if he would join George, White and others at another club — the Pink Pony. Carter and his girlfriend, Janet Sligh, who was pregnant, argued over George's invitation, and Carter decided not to go. At that, George threatened to kill Sligh and her unborn child.

Later, George and White went to Carter and Sligh's house. White, who was heavily intoxicated, remained in the car and George went inside. George and Carter started arguing, and Sligh tried to break it up. When she realized that George had a gun, Sligh left the room.

George encountered Sligh in the hallway, put a gun to her eye, and pushed her against the wall. Sligh was cut above the eye and she

---

[1] The crimes occurred on January 28, 2001. The grand jury indicted George on October 22, 2001, and charged him with the malice murder of Heather Page, two counts of felony murder (one predicated on the underlying felony of aggravated assault, the other on possession of a firearm during the commission of a felony) in connection with the death of Heather Page, two counts of aggravated assault upon Janet Sligh, two counts of possession of a firearm in the commission of a felony (one count pertained to the murder of Page, the other to the aggravated assault upon Sligh), and possession of a firearm by a first offender probationer. A jury found George guilty on all counts and he was sentenced to life imprisonment for malice murder, twenty years for aggravated assault, five years for possession of a firearm during the commission of a felony, and five years for the possession of a firearm by a first offender probationer, all to be served consecutively. George's timely filed motion for a new trial was denied on November 21, 2002. George filed a notice of appeal on November 22. The case was docketed in this Court on December 19, 2002, and submitted for a decision on the briefs on February 10, 2003.

went into a hallway bathroom to examine the cut in the mirror. George entered the bathroom, pointed a gun at Sligh and pulled the trigger.

The hallway bathroom and the master bathroom shared a common wall. Heather Page, who also lived in the house, was in the master bathroom when George shot at Sligh. The bullet grazed Sligh's head, pierced the bathroom wall, and went into, and through, Page's skull. Sligh was shaken, but she survived; Page did not.

1. The evidence was sufficient to enable any rational trier of fact to find George guilty beyond a reasonable doubt of the crimes charged against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. It was not error to sentence George for both malice murder and aggravated assault. *Satterfield v. State*, 248 Ga. 538 (3) (285 SE2d 3) (1981). The malice murder and aggravated assault were not committed against a single victim. On the contrary, the malice murder was committed upon Heather Page; the aggravated assault was committed against Janet Sligh. Thus, the malice murder and aggravated assault convictions do not merge. *Kimbrough v. State*, 254 Ga. 504, 506 (4) (330 SE2d 875) (1985).

3. The trial court did not err in refusing to bifurcate the charge of possession of a firearm by a first offender probationer. The possession charge was an underlying felony to a murder count of the indictment. Thus, it was material to a more serious charge and did not improperly place George's character into issue. *Bowden v. State*, 270 Ga. 19, 20 (1) (504 SE2d 699) (1998); *Williams v. State*, 263 Ga. 135, 136 (1) (429 SE2d 512) (1993).

4. The Confrontation Clause of the Sixth Amendment guarantees a defendant in a criminal case the right to show the possible bias of a witness by cross-examining him concerning pending criminal charges or a pending probation revocation. *Turtle v. State*, 271 Ga. 440, 444 (4) (520 SE2d 211) (1999); *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). However, a defendant cannot cross-examine a witness about a charge which is no longer pending, *Wright v. State*, 266 Ga. 887, 888 (2) (471 SE2d 883) (1996), unless, of course, the charge culminated in a conviction for a felony or a crime of moral turpitude. *Kyler v. State*, 270 Ga. 81, 83 (7) (508 SE2d 152) (1998). It follows that the trial court did not err in refusing to permit George to cross-examine Janet Sligh about a warrant for her arrest which, although outstanding at the time of the murder, was no longer pending at the time of trial.

5. The State put George's first offender sentence into evidence to prove the first offender firearm possession charge. After the State rested, defense counsel asked George to explain his first offender status and he responded that he understood it to mean that if he kept

"clean and followed the rules" he would not have a felony record. Asked if that was what he was "attempting to do with [his] life," George answered affirmatively. This line of questioning opened the door for the State to cross-examine George as to whether he was attempting to comply with the terms of his probation on the night of the murder. See generally *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529) (1988); *Davidson v. State*, 231 Ga. App. 605, 611 (499 SE2d 697) (1998).

6. Viewing the trial court's charge as a whole, we find that it properly limited the jury's consideration to the aggravated assault charges alleged in the indictment. See generally *Braley v. State*, 276 Ga. 47, 53 (31) (572 SE2d 583) (2002). It did not authorize the jury to convict George of an aggravated assault upon Sligh in a manner not alleged in the indictment.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who is disqualified.*

DECIDED MAY 5, 2003.

*John T. Strauss*, for appellant.

*W. Kendall Wynne, Jr.*, District Attorney, *Thurbert E. Baker*, Attorney General, *Wylencia H. Monroe*, Assistant Attorney General, for appellee.