A03A1374. SAPP v. THE STATE.
(587 SE2d 267)

MILLER, Judge.

Carl Sapp appeals from his conviction for possession of a firearm by a convicted felon. On appeal he contends that the trial court erred by prohibiting him from cross-examining a State's witness regarding a dead-docketed drug charge that had arisen months after the witness had already given his sworn statement incriminating Sapp to police. We discern no error and affirm.

The evidence reveals that a fatal shooting occurred on December 9, 2001. A few hours after the incident, Shontrell Harper gave a sworn statement to police identifying Sapp as the shooter. Nearly three months later, Harper was charged with having possessed cocaine and marijuana on February 23, 2002. These charges against Harper were dead docketed on March 4, 2002 (prior to Sapp being indicted for the December 9 shooting).

At trial, Sapp requested permission to cross-examine Harper regarding the dead-docketed drug charges. The trial court did not allow such cross-examination, reasoning that the cross-examination would be improper because (i) there were no pending charges against Harper, (ii) the case against Harper had been dead docketed prior to

Sapp being indicted, and (iii) there was no immunity deal or even any discussion of a deal between the State and Harper in connection with his testimony against Sapp.

Sapp was convicted of possession of a firearm by a convicted felon, and following the denial of his motion for new trial, Sapp appeals.

In his sole enumeration of error, Sapp contends that the trial court erred in disallowing his cross-examination on the dead-docketed drug charges against Harper. We disagree.

A criminal defendant has wide latitude to cross-examine and impeach a witness concerning pending criminal charges to show the witness's motivation in testifying, such as bias, partiality, or an agreement between the government and the witness. *Davis v. Alaska*, 415 U. S. 308, 316-317 (2) (94 SC 1105, 39 LE2d 347) (1974); *Hines v. State*, 249 Ga. 257, 259-260 (2) (290 SE2d 911) (1982). However, the extent of such cross-examination is within the sound discretion of the trial court. *Kennebrew v. State*, 267 Ga. 400, 402-403 (3) (480 SE2d 1) (1996).

As explained in *Johnson v. State*, 244 Ga. App. 128, 131-132 (1) (534 SE2d 480) (2000), cross-examination to show the bias of *Davis v. Alaska*, supra,

> must be specific to the case, arising from a self-interest or self-preservation motive that could be reasonably inferred to cause testimony to be shaded or distorted. A generalized attitude would not satisfy such interest of the witness, especially when such attitude arises after the fact. Absent such foundational facts such as a pending criminal charge about which the witness seeks assistance from the prosecution, there can be no cross-examination on such subject, because a dismissed charge or an old conviction could not be the basis of a motive to shade or distort testimony.

(Citation and punctuation omitted.) *Johnson*, supra, 244 Ga. App. at 131-132 (1). Where the defendant cannot show evidence of a deal or any hope of a deal between the witness and the State, the trial court does not err in prohibiting the defendant from impeaching the witness with impermissible character evidence. Id. at 132 (1).

In this specific case, even if we assume that the dead-docketed charges against Harper were still "pending" at the time of Sapp's trial,[1] there was still no evidence of any deal or potential deal

---

[1] We do not decide here that the dead-docketed charges were still pending, but merely acknowledge that even though the charges were dead docketed (and thus inactive) at the

between Harper and the State in exchange for his testimony against Sapp. Indeed, the fact that Harper gave his statement implicating Sapp to police prior to the existence of any drug charges against him rebuts the notion that his testimony was somehow shaded by a deal related to these nonexistent drug charges. See *Johnson*, supra, 244 Ga. App. at 132 (1) (b). The trial court did not abuse its discretion in prohibiting Sapp from cross-examining Harper regarding the dead-docketed drug charges that bore no relation to Harper's motivation for testifying against Sapp. See id. at 133 (1) (c).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 10, 2003.

*Buford & Buford, Floyd M. Buford, Jr.*, for appellant.
*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney*, for appellee.

time of Sapp's trial, the case still could have been called by the trial court at a later time. See OCGA § 15-6-61 (a) (4) (B).