A03A1818. JONES v. THE STATE.
(595 SE2d 595)

MILLER, Judge.

Following a bench trial, Robin Elaine Davis Jones was convicted on several counts of forgery. She appeals, arguing that the trial court erred in prohibiting her from cross-examining a State's witness concerning the witness's pending criminal charges. We discern no error and affirm.

---

[18] (Citation omitted.) *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 794 (2) (476 SE2d 265) (1996).
[19] See id.

The evidence reveals that Jones passed several checks written on her husband's bank account by signing his name to the checks. Jones's husband was apparently unaware that Jones was in fact the culprit when he filed a forgery affidavit and requested an investigation into the matter. One of the witnesses at trial, a convenience store employee, testified that she cashed a check that Jones presented to her written on Jones's husband's account and purportedly signed by the husband. During cross-examination, the defense questioned this witness about criminal charges pending against her. The State objected that such testimony was improper without proof of a conviction. Defense counsel argued that the "[p]ending charges are completely relevant, Your Honor, to show motive and it goes to credibility and motive for her testimony in this case." The court responded, "I don't think so." Defense counsel then stated, "[n]othing further of this witness."

A criminal defendant has wide latitude to cross-examine a witness concerning pending criminal charges to show the witness's motivation in testifying, such as partiality, bias, or an agreement between the government and the witness. *Sapp v. State,* 263 Ga. App. 122, 123 (587 SE2d 267) (2003). "However, the extent of such cross-examination is within the sound discretion of the trial court." (Citation omitted.) Id. Additionally, where the defendant cannot show evidence of a deal or any hope of a deal with the witness and the State, the court does not err in prohibiting the defense from impeaching the witness with impermissible character evidence. Id.

Pretermitting whether Jones properly preserved this claim of error, defense counsel's intent in questioning the witness about her pending charges is unclear. In a single statement, counsel explained that he sought the testimony to attack the witness's credibility *and* to show motive for her testimony. While a defendant is entitled to cross-examine a witness about pending charges in order to address any bias the witness may have as a result of those pending charges, she may not use such charges to impeach the witness unless the misconduct has resulted in the conviction of a crime of moral turpitude. *Watkins v. State,* 276 Ga. 578, 581 (3) (581 SE2d 23) (2003); see *Haynes v. State,* 199 Ga. App. 288, 291 (3) (404 SE2d 585) (1991).

Here it appears that trial counsel sought to question the witness about the specific nature of the charges pending against her, which is impermissible. See *Watkins,* supra, 276 Ga. at 581 (3). Indeed, just prior to the colloquy concerning the pending charges, defense counsel questioned the witness about a sentence she received for deposit account fraud, and about her being on probation for that crime. Thus, the court had reason to conclude that counsel was not seeking to show the witness's interest in cooperating with the State in order to have the charges against her dismissed or reduced. See *Haynes,*

supra, 199 Ga. App. at 291 (3). Rather, the court could conclude that he was seeking testimony as to the details of those charges. In this circumstance, the trial court (particularly in a bench trial) did not abuse its discretion in prohibiting the defense's cross-examination (regarding the pending charges) that bore no apparent relation to the witness's motivation for testifying against Jones. See *Sapp*, supra, 263 Ga. App. at 124; see also *Haynes*, supra, 199 Ga. App. at 291 (3).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 20, 2004.

*Robert R. McLendon IV*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.