## A06A1521. CURTIS v. THE STATE.
(638 SE2d 773)

</div>

BERNES, Judge.

A Chatham County jury found Frederick Curtis guilty of possession of more than an ounce of marijuana. On appeal, Curtis claims that the evidence was insufficient to prove his guilt beyond a reasonable doubt. He also contends that the trial court erred in admitting similar transaction evidence and in sustaining the state's objection to his cross-examination of a witness. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citation and footnotes omitted.) *Sexton v. State*, 268 Ga. App. 736 (1) (603 SE2d 66) (2004). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on the afternoon of February 11, 2004, two deputies with the Chatham County Sheriff's Department stopped a car which was speeding on I-95. Curtis was sitting in the back seat of the car on the driver's side. Omar Griffin was driving, and Precious Jones, the owner of the car, was seated in the front passenger seat. Griffin ran across the highway after a deputy attempted to pat him down. As the deputies gave chase to Griffin, Curtis handed Jones two packages from the back seat and asked her to throw them out the window, which she did.

The deputies saw Jones throw the packages out of the car, and they moved back to secure the car. The packages thrown out of the car contained approximately two pounds of marijuana, and another four pounds of marijuana were found in a bag next to Curtis in the back seat. Jones later pled guilty to possession of marijuana with intent to distribute in connection with the incident and testified at Curtis's trial.

1. Curtis claims that he was convicted based on circumstantial evidence which failed to exclude every other hypothesis save that of his guilt. See OCGA § 24-4-6. He further argues that his spatial proximity to the marijuana was insufficient to show he constructively possessed the marijuana. "[A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." (Citation and punctuation omitted.) *Reid v. State*, 212 Ga. App. 787, 788 (442 SE2d 852) (1994). Pretermitting whether the presence of drugs in Curtis's immediate presence in plain view was alone sufficient to authorize a conviction based on circumstantial evidence, see *Widener v. State*, 242 Ga. App. 438, 439 (529 SE2d 899) (2000), Jones's testimony provided direct evidence that Curtis possessed more than an ounce of marijuana. See *Hayes v. State*, 205 Ga. App. 820, 821 (2) (423 SE2d 729) (1992).

Curtis nevertheless contends that Jones was an accomplice whose uncorroborated testimony could not support a finding of guilt. See OCGA § 24-4-8; *Claybrooks v. State*, 189 Ga. App. 431, 432 (375 SE2d 880) (1988). But, "[s]light corroborative evidence from an extraneous source is all that is required to support the verdict, and it may be by circumstantial evidence." (Citation omitted.) *Fain v. State*, 211 Ga. App. 399, 400 (1) (439 SE2d 64) (1993).

Here, the evidence showed that marijuana was discovered in an open bag "sittin' right directly on the floorboard beside [Curtis] . . . within . . . a foot and a half at the most." The evidence further showed that the marijuana found by Curtis was packaged in the same way as the marijuana found outside the car. Thus, it could be inferred that the marijuana found outside the car had previously been in the back seat beside Curtis, and that Curtis had easy access to the marijuana. This, in turn, provided at least slight evidence to corroborate Jones's testimony that Curtis handed Jones the packages from the back seat. See generally *Hall v. State*, 162 Ga. App. 713, 715-716 (3) (293 SE2d 862) (1982) (slight evidence identifying defendant as a participant in the crime is sufficient to corroborate an accomplice's testimony). As such, we conclude that any rational trier of fact could have found Curtis guilty beyond a reasonable doubt of possession of more than an ounce of marijuana. See *Jackson*, 443 U. S. 307.

2. (a) Curtis also claims that the trial court erred in admitting evidence of a similar transaction. This evidence showed that on

January 26, 2003, Curtis was driving a speeding car on Highway 80 in Thunderbolt. A law enforcement officer chased Curtis into the City of Savannah in Chatham County, where the car crashed into a tree. A gallon-sized bag of marijuana was found in the trunk of the car. Curtis subsequently pled guilty to possession of marijuana with intent to distribute in connection with the incident. Following a hearing under Uniform Superior Court Rule 31.3, the trial court allowed the state to introduce evidence of Curtis's previous possession of marijuana with intent to distribute for purposes of showing his course of conduct, bent of mind and intent in the crimes on trial.

> Before similar transaction evidence can be introduced, the state must make three affirmative showings: First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. A decision to admit a similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.

(Footnotes omitted.) *Williams v. State*, 273 Ga. App. 213, 216 (2) (614 SE2d 834) (2005).

We conclude that the state made the three affirmative showings. At issue in the case was whether Curtis possessed the marijuana or was merely an unsuspecting passenger. Accordingly, the state was entitled to present evidence that Curtis had engaged in similar conduct in the past for the proper purpose of showing Curtis's intent, bent of mind, and course of conduct. See *Jones v. State*, 243 Ga. App. 374, 377 (2) (533 SE2d 437) (2000). The state further showed that Curtis committed the previous offense through testimony of the arresting officer and evidence of Curtis's plea of guilty to the charge of possession of marijuana with intent to distribute. See *Milton v. State*, 232 Ga. App. 672, 674 (2) (503 SE2d 566) (1998) (entry of plea of guilty showed defendant was perpetrator of independent crime).

As to the third showing, "[i]n reviewing whether there were sufficient similarities to create a connection between the previous crime and the instant crimes such that the former tends to prove the latter, we focus on the similarities rather than the dissimilarities." (Footnote omitted.) *Mitchell v. State*, 249 Ga. App. 520, 522 (1) (548 SE2d 469) (2001). The number of similarities is not determinative, but rather the evidence is admissible when "the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged."

(Citations and punctuation omitted.) *Barker v. State*, 226 Ga. App. 747, 749 (3) (487 SE2d 494) (1997). When similar transaction evidence is introduced for purposes of showing intent, course of conduct, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is introduced to show identity. See *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

Here, the prior incident and the present case occurred approximately a year apart, and in both instances Curtis was apprehended in a car speeding through Chatham County in which authorities discovered substantial quantities of marijuana. Given these similarities, we cannot say that the trial court was clearly erroneous in finding a sufficient similarity between the independent offense and the crime charged such that proof of the former tended to prove the latter. See *Crenshaw v. State*, 248 Ga. App. 505, 509 (3) (546 SE2d 890) (2001) (in both charged and previous offense appellant was discovered with one other individual and enough cocaine to constitute trafficking); *Scott v. State*, 240 Ga. App. 586, 588 (2) (524 SE2d 287) (1999) (similarities between charged and previous offense included that the incidents occurred in the same county, involved sales of sufficient quantities of marijuana to show intent to distribute, and involved the use of a vehicle to transport contraband).

(b) Curtis also argues that the trial court erred in concluding that the probative value of the similar transaction evidence outweighed any prejudicial effect.

> In exercising [its] discretion, the court should consider whether the [s]tate's need for the similar transaction evidence outweighs the prejudice inherent to the defendant. This consideration consists of at least two questions. First, is the issue for which the [s]tate is introducing the evidence a genuinely disputed issue? . . . Second, does the [s]tate need this evidence to prove the issue, or can the fact be proved otherwise?

(Punctuation and footnote omitted.) *Smith v. State*, 232 Ga. App. 290, 292-293 (1) (501 SE2d 523) (1998).

Evidence of Curtis's intent, bent of mind, and course of conduct provided by the similar transaction evidence was relevant to show that he possessed the marijuana found beside him in the car, a clearly contested issue at trial. And, the state "needed" the evidence because it corroborated the testimony of Jones, whose credibility had been attacked. Accordingly, the trial court did not abuse its discretion in determining that the probative value of the similar crimes evidence outweighed the danger of any prejudicial effect. See *Roberts v. State*,

241 Ga. App. 259, 262 (3) (526 SE2d 597) (1999) (where defendant denied commission of the crime of cocaine possession, a past conviction involving the cocaine possession and sale "would be most helpful to the jury, and therefore the [s]tate's need would have outweighed the prejudice to the defendant") (citation omitted).

(c) Curtis further complains that the prosecutor made an improper closing argument to the jury based on the similar transaction evidence. Curtis's failure to object to the state's closing argument waived the issue for purposes of this appeal. See *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

(d) Finally, Curtis argues that, if the similar transaction evidence was admissible, then the trial court erred by allowing a chemist to testify as to his examination of the marijuana seized in the previous incident without establishing a chain of custody for the "similar transaction marijuana." See generally *Harper v. State*, 251 Ga. 183, 185 (1) (304 SE2d 693) (1983) (in order to render admissible testimony concerning expert analysis of a fungible item, the prosecution must establish a chain of custody). Pretermitting whether the state should have established a chain of custody for the "similar transaction marijuana," the chemist's testimony was cumulative of other admissible evidence, since the prosecution had previously shown that Curtis pled guilty to possessing marijuana with the intent to distribute in connection with the previous incident. Hence, if the trial court erred in admitting the chemist's testimony as to the "similar transaction marijuana," the admission was harmless. See *Wagner v. State*, 253 Ga. App. 874, 876 (1) (b) (560 SE2d 754) (2002).

3. (a) Curtis also claims that the trial court erred in sustaining the state's objections to his cross-examination of Jones. Jones was charged with hindering apprehension of a criminal in connection with the incident for which Curtis was on trial, and the charge was nolle prossed. When defense counsel posed a question to Jones about the hindering charge that had been dismissed, the prosecutor objected on grounds that the question was not relevant or material. At a side bar, defense counsel argued that what Jones pled to and what she "got" was relevant. The trial court ruled that defense counsel could ask Jones if a charge was dismissed, but not the specific nature of the charge. When cross-examination resumed, Jones admitted that a charge against her had been dismissed and that she could have faced ten years in prison on the charge.

The general rule is that a "witness cannot be impeached by instances of specific misconduct unless that misconduct has resulted in the conviction of a crime involving moral turpitude." (Citation omitted.) *Watkins v. State*, 276 Ga. 578, 581 (3) (581 SE2d 23) (2003). And, "a dismissed charge ... [can]not be the basis of a motive to shade or distort testimony," where there is no evidence that the charge was

dismissed in connection with a negotiated plea agreement related to the case. (Citation omitted.) *Sapp v. State*, 263 Ga. App. 122, 123 (587 SE2d 267) (2003). However, even if the dismissal of the hindering charge was in connection with a negotiated plea agreement, the trial court did not commit reversible error in declining to allow defense counsel to name the specific charge that was dismissed, since defense counsel was allowed to bring out on cross-examination that a charge against Jones had been dismissed and that she had faced ten years in prison on the charge. Accord *State v. Vogleson*, 275 Ga. 637 (571 SE2d 752) (2002). Consequently, we conclude that the trial court did not abuse its discretion in limiting Curtis's cross-examination of Jones. See *George v. State*, 276 Ga. 564, 565 (4) (580 SE2d 238) (2003).

(b) Defense counsel also cross-examined Jones about her relationship with the car's driver, Griffin. The state objected when counsel asked, "And that wasn't the first time you all had gotten in trouble together, was it?" At a side bar, defense counsel explained that he wanted to ask Jones about a previous cocaine trafficking charge that had been dismissed. Defense counsel pointed out that the state had raised the issue of whether Jones had ever been in trouble, and that he was interested in showing "that this woman is a liar and she's in here lying" when she previously indicated on direct examination that she had not been in trouble. The trial court ruled that defense counsel could not specifically ask Jones about the trafficking charge because she had not been convicted of that crime. The trial court, however, did permit defense counsel to impeach Jones by asking her whether she was telling the truth when she testified on direct that she had not previously been in trouble. Jones subsequently admitted during cross-examination that she had previously been in trouble.

As noted above, attempting to impeach a witness based on a crime for which the witness was never convicted generally is disallowed, absent a negotiated plea agreement related to the case. Nevertheless, Curtis argues that he was entitled to ask about the trafficking charge as part of an effort to establish Jones's interest, bias, and motive in protecting the driver, Griffin — who was Jones's boyfriend and the father of her child — and that the trial court therefore should have allowed the question. See, e.g., *Ladson v. State*, 248 Ga. 470, 474 (4) (285 SE2d 508) (1981) (defense counsel's question to a witness was not proper to show commission of a prior criminal act, but the question should have been allowed because it was asked to show the witness's motives). But, Curtis was able to show that Griffin was the father of Jones's child and her boyfriend, and the trial court did not prevent Curtis from further exploring Jones's relationship with Griffin so as to show her testimony was biased in Griffin's favor. Thus, the defense was afforded "ample opportunity to portray

the witness as biased and motivated to lie." (Citations and punctuation omitted.) *Watkins*, 276 Ga. at 582 (3).

Additionally, Curtis contends that he was attempting to elicit testimony tending to show that Jones and Griffin had recently committed a similar crime and had similarly managed to "beat the rap" while a third party went to jail. Yet, Curtis points to nothing in the record which tends to show that Jones and Griffin had *committed* a similar crime, as opposed to merely being *charged* with a similar crime. We therefore conclude that the trial court acted within its discretion in limiting Curtis's cross-examination of Jones. See *George*, 276 Ga. at 565 (4).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 20, 2006 —
RECONSIDERATION DENIED NOVEMBER 8, 2006 — ▉▉▉▉▉▉

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.

