**FIFTH DIVISION
RICKMAN, C. J.,
MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 11, 2022**

# In the Court of Appeals of Georgia

A21A1200. POOLE v. THE STATE.

PHIPPS, Senior Appellate Judge.

Following a jury trial, Deshawn Louis Poole was convicted of aggravated assault and possession of a firearm by a convicted felon. Poole appeals from the denial of his motion for new trial, as amended, contending that the trial court improperly restricted his cross-examination of a witness. We find no error and affirm.

Viewed in the light most favorable to the verdict,[1] the trial evidence shows that Poole shot a man in the head after the man intervened in a fight between Poole and Poole's girlfriend outside of a restaurant. A witness who had been at the restaurant with Poole and Poole's girlfriend identified Poole as the shooter.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

The same witness testified during Poole's trial that police came to her boyfriend's apartment the day after the shooting. When the witness opened the door, a strong smell of marijuana emanated from the door because she had been smoking marijuana before the police arrived. Consequently, the police obtained a search warrant and searched the apartment. According to the witness, she was charged with "intent to distribute and possession of a controlled substance," which she identified as methamphetamine, as a result of the search. The witness testified that she gave a statement to law enforcement about what happened the day and night of the shooting. She also testified that the State did not offer her anything in exchange for her testimony.

On cross-examination, the witness was questioned about what happened the night of the shooting and whether her initial statement to the police regarding the shooting was different from her trial testimony. She was then asked how many guns and what kind of drugs the police had found in her boyfriend's apartment. The witness responded that she did not know how many guns were found in the apartment. She testified, however, that marijuana, cocaine, and methamphetamine were discovered in the apartment, and that she was charged with "intent to distribute, possession of controlled substance" in connection with the methamphetamine.

Defense counsel asked the witness several times whether she initially told police that there was no marijuana in the apartment. The State objected to the line of questioning on the basis that the witness was under indictment, she did not have her lawyer present, and defense counsel was asking incriminating questions that the witness did not have to answer. In addition, the State argued that the questioning was not relevant to the case against Poole. The trial court instructed defense counsel not to ask the witness any additional questions about her pending case.

Poole was convicted of aggravated assault and possession of a firearm by a convicted felon, and, following the denial of his motion for new trial, he appeals.

In his sole enumeration of error, Poole contends that the trial court erred by limiting his cross-examination of the witness regarding criminal charges pending against her at the time of trial. We disagree.

It is well established that "[a] criminal defendant has wide latitude to cross-examine and impeach a witness concerning pending criminal charges to show the witness's motivation in testifying, such as bias, partiality, or an agreement between the government and the witness." *Sapp v. State*, 263 Ga. App. 122, 123 (587 SE2d 267) (2003). The extent of such cross-examination "is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining

3

when the subject is exhausted[.]" *Hines v. State*, 249 Ga. 257, 260 (2) (290 SE2d 911) (1982) (citation and punctuation omitted). "[W]e review a limitation of cross-examination only for an abuse of that discretion." *Lucas v. State*, 303 Ga. 134, 137 (2) (810 SE2d 491) (2018). "[T]he trial court abuses its discretion and commits error when it cuts off all inquiry on a subject on which the defense is entitled to reasonable cross-examination." *Hill v. State*, 310 Ga. 180, 191 (8) (850 SE2d 110) (2020) (citation and punctuation omitted). However, "trial courts retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. Pretermitting whether Poole properly preserved this claim of error, we find no abuse of discretion.

Poole contends that when his trial counsel was attempting to question the witness about charges pending against her, "hoping at the very least to show her potential bias in testifying for the State while the State was prosecuting charges against her," the trial court "cut off all inquiry" on the subject of the pending charges. Contrary to Poole's assertion, however, the trial court did not cut off all inquiry on the subject. In fact, the witness twice testified, during both direct and cross-

4

examination, that she was charged with "intent to distribute" and "possession" of a "controlled substance," namely, methamphetamine, and she also testified that she was not offered any deal from the State for her testimony. In addition, the trial court allowed Poole to question the witness about guns and drugs found in her boyfriend's apartment, the nature of the charges pending against her, and whether she had been truthful to law enforcement about the presence of marijuana in the apartment. The trial court's limitation on further cross-examination regarding the witness's pending charges was not error, but an appropriate exercise of the court's discretion. See *Watkins v. State*, 264 Ga. 657, 660 (1) (b) (449 SE2d 834) (1994) (no error where "the trial court did not preclude all inquiry on a subject with respect to which appellant was entitled to a reasonable cross-examination."). Consequently, the trial court did not err in denying Poole's motion for new trial on this ground.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*